LYMAN PATCHIN *v.* HEMAN SWIFT AND EDWARD SWIFT.

It is not necessary, that the consideration of a contract in writing should appear upon the face of the writing; it may be proved by parol evidence, or may be inferred from the terms and obvious import of the contract.

The accepting and adopting a written contract, by a party who has not put his name to it, binds such party, the same as if he had signed the contract.

Where the defendants, who were in possession of the mortgaged premises under a conveyance from the mortgagor, agreed in writing with the mortgagee, that they would pay the amount due upon the mortgage by a day certain, or would, on that day, surrender the premises, by quitclaim deed, and pay the interest upon the mortgage debt, and they omitted to surrender the premises upon the day named, whereupon the plaintiff brought assumpsit upon their agreement to pay the amount due upon the mortgage, alleging the consideration of the agreement to be an undertaking on his part to permit the defendants to occupy the mortgaged premises until the day named, and the plaintiff proved, that he was entitled to the possession of the premises, under the mortgage, at the time the defendants' agreement was made, and that he was making preparations to obtain the possession, and that negotiations were then pending between them in reference thereto, and that he did permit the defendants to occupy the premises until the day named, without claiming the possession, or rents and profits, or taking means to enforce his mortgage, it was held, that these facts tended to prove the undertaking on the part of the plaintiff, which was alleged to be the consideration of the defendants' promise.

And it was also held, that it was not necessary for the plaintiff to allege, or prove, an offer on his part to assign the mortgage and mortgage notes to the defendants, as a condition precedent to his right to sustain such action.

When a contract is in the alternative, to do one of two things, or to do a certain act or pay a sum of money, by a day certain, the right of election, before the day of performance, is in the party who is to do the act; but if he suffer the day to elapse, without making his election, then the right of election is in the party to whom the promise is to be performed.

ASSUMPSIT. The plaintiff alleged in his declaration, that on the eighth day of December, 1846, he held a mortgage, executed by one Squires, of certain premises known by the name of the "Searsburgh tannery," which had become due and payable, and that Squires had conveyed his interest in the premises to the defendants, who were in possession of them, and that the defendants, in consideration that

the plaintiff would permit them to use and occupy the premises, then promised to pay to the plaintiff the amount due upon the mortgage, in one year from the first day of January then next, or surrender the premises to the plaintiff by quitclaim at the expiration of the said one year and pay the interest upon the mortgage debt from and after the fifteenth of December, 1846, reserving the right to the defendants to surrender the premises at any time previous to the expiration of the year, paying the interest, in such case, for such length of time as they occupied; and the plaintiff averred, that he did permit the defendants to occupy the premises during the year specified, and that they had omitted either to pay to him the amount due upon the mortgage, or to surrender the possession, at the expiration of the year, and that after the expiration of the year he had elected to receive from the defendants the amount due upon the mortgage, and had so notified them, but that they refused to pay the same. The second count was similar to the first, except that the agreement on the part of the defendants was alleged to have been made in consideration that the plaintiff would permit them to use and occupy the premises until the expiration of one year from the first day of January then next,—unless they should choose to surrender the possession previous to that time,—and would also forbear to foreclose the mortgage. Plea, the general issue, and trial by jury, December Term, 1848,—HALL, J., presiding.

On trial the plaintiff gave in evidence a written contract, dated December 8, 1846, and executed by the defendants, which was in these words ;—" Whereas Lyman Patchin has a mortgage upon the ' Searsburgh tannery, lately deeded to us by quitclaim by John N. ' Squires,—now we agree to either pay Lyman Patchin the mortgage ' and interest due thereupon in one year from the first day of Jan- ' uary next, or surrender up the premises by quitclaim to the said ' Lyman Patchin at the expiration of one year from the first day of ' January next, and pay him, the said Patchin, interest on the sum ' due upon said mortgage from and after the fifteenth day of Decem- ' ber, A. D. 1846,—we reserving and having the privilege of sur- ' rendering up the premises any time between this date and the first ' day of January, A. D. 1848, and pay interest for the time only we ' use and occupy the aforesaid premises." The plaintiff also gave in evidence the mortgage deed described in his declaration, execu-

ted by John N. Squires, and dated January 26, 1843, and also seven promissory notes, to secure the payment of which the mortgage was executed, and four of which had become due and payable previous to December 8, 1846. The plaintiff also gave in evidence a quit-claim deed from Squires to the defendants, dated May 7, 1846, and conveying the same mortgaged premises. The plaintiff also proved, that the defendants were in the possession of the mortgaged premises from May 7, 1846, until September, 1848; and that on the third day of January, 1848, he demanded of the defendants, in writing, payment of the amount due upon the mortgage.

The defendants offered to prove, that on the fourth or fifth day of January, 1848, they tendered to the plaintiff a quit claim deed of the mortgaged premises, duly executed by them, and offered to pay the interest upon the mortgage debt for the time they had occupied the premises, and to surrender the possession to the plaintiff, all which the plaintiff refused to receive. To this evidence the plaintiff objected; but it was admitted by the court. The defendants also offered to prove, that the value of the mortgaged premises was much less than the amount of the mortgage debt. To this testimony also the plaintiff objected; but it was admitted by the court.

Evidence was also given tending to prove, that the plaintiff, previous to December 8, 1846, was taking measures to foreclose his mortgage, and that negotiations were pending between him and the defendants in reference to the matter.

The court, *pro forma*, charged the jury, that the plaintiff was not entitled to recover, and directed them to return a verdict for the defendants. Exceptions by plaintiff.

*J. S. Robinson* and *W. S. Southworth* for plaintiff.

1. It is insisted on the part of the defendants, that there was no consideration for the contract declared upon. The consideration alleged in the first count is, that the plaintiff would permit the defendants to occupy the premises; and the question is, whether this consideration was expressed in the contract, or was proved by the testimony on the part of the plaintiff. The contract shows, that in one alternative the defendants were to pay the interest upon the mortgage debt; and this was for the use of the premises. The plaintiff regarded the contract as obligatory upon him, by permit-

ting the defendants to occupy the premises; and the defendants, by tendering a deed and offering to pay interest on the mortgage debt, admitted their liability on the contract. The consideration, therefore, alleged in the first count, is expressed in the agreement; and if there were any doubt upon this point, the acts of the parties furnish more conclusive evidence of the true consideration, than was relied upon in the case of *Phelps* v. *Stewart et al.* 12 Vt. 256. The legal effect of the contract was, to deprive the plaintiff of his right of entry, and to suspend his right of action upon the mortgage, until the expiration of the time limited for the defendants to elect which part of the contract they would perform.

2. The right of election, in an alternative contract, is given to the debtor before the expiration of the time limited for its performance, and afterwards the right of election belongs to the creditor. By this contract the defendants' right of election was determined on the first day of January, 1848; on the third of January, 1848, the plaintiff made his election and notified the defendants; and no other act was required by law, to entitle the plaintiff to sue for the non-payment of the money. *McNitt* v. *Clark,* 7 Johns. 464. *Smith* v. *Sanborn,* 11 Johns. 59. Co. Lit. 145 *a.*

3. It is objected, that the omission to allege and prove an offer to assign the mortgage and notes was fatal to the plaintiff's right of action. There is no such provision in the contract; and if the law imposes any such obligation, the defendants should have demurred to the declaration. But these parties stood in the relation of mortgagor and mortgagee; payment of the debt would discharge the mortgage and perfect the defendants' title; and neither the common or statute law required the mortgagor to assign the mortgage.

*D. Roberts, Jr.,* and *A. B. Gardner* for defendants.

1. No such consideration, as is alleged in either count in the declaration, appears in the written agreement. That contains no promise on the part of the plaintiff, and no waiver of his right to claim possession at any time, or to prosecute his notes against Squires. The plaintiff does not sign the writing. The defendants do not agree to pay *for* having the possession, or *by* the plaintiff's permitting them to use and occupy,—as in *Phelps* v. *Stewart et al.,* 12 Vt. 256. The contract therefore lacks mutuality; and as the

plaintiff was not bound thereby, the defendants are not. Chit. on Cont. 15. *Lees* v. *Whitcomb*, 5 Bing. 34, [15 E. C. L. 357.] The consideration should be co-extensive with the promise. 1 Steph. N. P. 241. No consideration aside from the writing was proved.

2. This mortgage debt was either the defendants', or the debt of Squires, to pay. If the former, then the promise of the defendants to pay at a future day, in consideration of forbearance, creates no new legal liability ;—*Russell* v. *Buck*, 11 Vt. 166, 176 ;—if the latter, then, upon payment, the defendants would be entitled to an assignment of the debt and mortgage,—first, as a title to protect their own estate,—secondly, as a debt to enforce against Squires. The plaintiff, then, cannot maintain his action, unless he aver and prove an offer on his part to convey the debt and mortgage. Chit. on Cont. 64, 738. 1 Chit. Pl. 320.

3. By the contract three alternatives are left to the choice of the defendants,—first, to surrender the premises at any time between the eighth day of December, 1846, and the first day of January, 1848, paying interest on the mortgage debt from December 8, 1846, —second, to pay the plaintiff the amount of the mortgage, with interest, " in one year from the first day of January, 1847,"—third, to surrender the premises, by quitclaim, " *at the expiration* of one year " from the first day of January, 1847, paying interest from and after December 15, 1846. The defendants thus have until and including December 31, 1847, to perform the first alternative,—until and including January 1, 1848, to perform the second,—and some time thereafter to perform the third ; for, being the first actors, the election is theirs. Co. Lit. 145 *a.* But each alternative must be performed within the time set for itself; and if the first be not performed on the last day of December, 1847, nor the second on the first day of January, 1848, the third only remains to them; they have elected *not* to do the first and second, and their obligation has become absolute to do the third in some reasonable time after that day. This, then, is not the case of a contract to do one of two or more things, on or by a day certain, where, neither being done by the day, the other party may elect which he will receive. 13 Edw. 4, *pl.* 12, cited in *McNitt* v. *Clark*, 7 Johns. 467.

The opinion of the court was delivered by

POLAND, J. The defendants interpose three objections to the plaintiff's right of recovery upon the written contract declared upon, by the evidence adduced upon the trial in the county court and detailed in the bill of exceptions;—1. That there was not any sufficient consideration shown to make the contract binding upon the defendants;—2. That the plaintiff has not alleged in his declaration, and did not show upon the trial, that, at the time of calling upon the defendants to pay the amount of the notes mentioned in the contract, he made any offer to assign or transfer the notes and mortgage to the defendants;—3. That the condition, or alternative, which the defendants had, to pay the mortgage debt, expired previous to the other alternative, to quitclaim the premises to the plaintiff,—so that a failure to pay the money was equivalent to an election by the defendant to deed the premises; and that the plaintiff's declaration is not adapted to such a state of facts.

1. As to the question of consideration;—although a consideration is necessary to support any contract, whether by parol, or in writing, still the law is well settled in this state, that it is not necessary, that such consideration should appear upon the face of the written contract itself; but it may be shown by other evidence, and even by parol evidence. The consideration for the undertaking by the defendants, alleged in the plaintiff's declaration, (and which he is of course bound to prove,) is his own agreement and undertaking to permit the defendants to occupy the mortgaged premises from the date of the contract to the first day of January, 1848, when the defendants were to perform the final stipulations of the contract. That this consideration is sufficient, if proved, is not denied; inasmuch as the plaintiff was entitled to have the possession of the mortgaged premises, if he chose, and he had also the legal right to make the defendants liable for the rents and profits, if they remained in possession.

It is well settled, that a consideration may be inferred from the terms and obvious import of a written contract, when it is not distinctly alleged and set forth in the contract itself, as a consideration; and in the present case we think it is fairly inferrable from the stipulation of this contract itself, that there was an agreement by the plaintiff to permit the defendants to occupy the mortgaged

38

premises during the term mentioned in the contract. It is answered to this, however, that the contract is not signed by the plaintiff, and that therefore no aid is to be derived from any thing, that appears in the contract itself upon that subject. It is well settled now in this state, that the accepting and adopting a written contract by a party, who has not put his name to it, binds such party, equally as if he had signed such contract ;—this was so decided by this court, some years since, in Lamoille Co., in the case of *Sawyer* v. *Waterman et al.*

Again, the case shows, that immediately previous to the time of the execution of the contract, the plaintiff was making preparations to enforce the collection of his mortgage debt, or get possession of the premises, and that negotiations were pending between the plaintiff and the defendants in relation thereto. These facts, in connection with the relative situation of both parties at the time, had a legitimate tendency to show such agreement on the part of the plaintiff. It was also proved, that the plaintiff did permit the defendants to occupy the premises during all the time mentioned in the contract, without making any claim upon them for the possession, or for rents and profits, or taking any measures to enforce his mortgage. This, too, we think, was proper evidence, tending to show the existence of the consideration alleged in the plaintiff's declaration ; and this species of evidence, as well as any other arising from the facts and circumstances attending the transaction, is expressly sanctioned by the court in the case of *Phelps* v. *Stewart et al.*, 12 Vt. 256.

Upon the whole, we think, that there was sufficient evidence given by the plaintiff, tending to prove the existence of the consideration alleged by him in his declaration, to entitle him to go to the jury upon that point, and that the county court erred in directing a verdict for the defendants upon this ground.

2. As to the defendants' second objection, we do not see, that it is well founded, as nothing appears upon the face of the contract between the parties, that there was any agreement by the plaintiff to assign the mortgage and notes to the defendants, on payment by them of the amount. The transaction, upon the face of it, does not appear to be a contract for the purchase of the mortgage and notes by the defendants of the plaintiff. It may be proper here to consider

the situation of the parties in reference to the contract, and to the subject matter of the contract, at the time it was entered into. The plaintiff was the mortgagee, his mortgage debt was due, and he was entitled to the possession. The defendants stood in the place of the mortgagor, being the owners of the equity of redemption, having taken a quitclaim deed of the premises of him. Under these circumstances the more probable and reasonable presumption would be, that the defendants, as between themselves and the mortgagor, were to pay the mortgage debt to the plaintiff, and thus extinguish it, than that they were to take an assignment of it, and set it up, or keep it on foot, against the mortgagor. In short, we can see no more propriety in holding it necessary for the plaintiff in this case to allege or prove an offer on his part to assign the notes and mortgage to the defendants, as a condition precedent to his right of action, than there would be, in the ordinary case of a suit by the payee against the maker of a note, that the plaintiff should allege and prove, that he offered to give up the note to the defendant, if he would pay it.

3. We are unable to see, that the third objection of the defendants is well founded in fact. It is apparent from the written contract itself, that the day fixed by the parties for the defendants' final election of which alternative of the contract they would fulfil, and for their actual fulfilment thereof, was the *same* day, viz., the first day of January, 1848. The two forms of expression used in the contract, as applied to the two different modes of performing it, we regard as being identical. The defendants undoubtedly had the right, either to surrender the premises and pay the interest on the mortgage debt, as stipulated, at any time previous to the first day of January, 1848, or on that day, or they had the right to pay the debt and interest on that day; and the right of election until then was entirely with them. But the defendants did neither; and the time expired, in which they had the right to elect which alternative they would adopt. What, then, were the rights of the plaintiff, and what was he entitled to claim of the defendants?

The authorities cited by the plaintiff's counsel show clearly, that where a contract is in the alternative, to do one of two things, or to do a certain act, as to deliver a horse, or other chattel, or pay a certain sum of money, by a day certain, before the day of performance

the right of election is in the party who is to do the act; but if he suffer the day to elapse, without making his election, then the right of election becomes changed, and is in the other party, or the party to whom the promise is to be performed. And this, we apprehend, is the well established rule of law. To apply this rule to the present case;—the plaintiff, after the expiration of the time limited for the performance of the contract by the defendants, had the right either to follow the security of his mortgage, or to call upon the defendants to pay the amount of his mortgage debt and interest. Whether it was necessary for him to make any formal election, or give the defendants any notice of his election, before bringing his suit, it is not necessary to decide, as it seems he took that precaution and gave notice in writing to the defendants that he elected to receive the money on the notes.

There is another view, in which we think this case might be placed, that is, that the amount of the mortgage debt might be treated as stipulated damages, to be paid by the defendants, in case they failed to perform the other part of the contract, and surrendered the premises;—as if A. agree to deliver to B. a certain horse, or pay him $100, on a given day, and neglect to do either, would any one doubt, but that B. might claim and recover the $100 of A.? So in this case, the defendants agree to surrender these premises and pay the interest of the plaintiff's debt by such a day, or pay him a certain amount of money, to be ascertained by computing the amount due on the notes.

In short, we think the county court erred in directing a verdict for the defendants, and that the case should have been submitted to the jury, with instructions corresponding to the views we have expressed. Their judgment is therefore reversed and a new trial granted.