*Geo. C. Dixon,* for appellant.

*Lowe & Rankin,* for appellee.

————o·◆·————

## WISE v. RAY.*

If a signature is applicable to the substance of the written agreement and is put there by the party or by his authority, it is good whether at the top, in the middle, or at the bottom of the instrument.

Where an instrument is written by R. and subscribed by W., and stipulates that W. has sold and agrees to deliver pork to R. at the place and price mentioned the undertaking is mutual.

APPEAL *from Lee District Court.*

*Opinion by* GREENE, J. Assumpsit by Francis S. Ray against James Wise. The written contract, on which suit is brought, is as follows:

"I have this day sold, and agree to deliver, to F. S. Ray, at Patterson, Timberman & Co.'s slaughter house, in Keokuk, five hundred strictly corn-fatted, merchantable hogs, at the following prices: For all hogs weighing one hundred and fifty pounds, up to one hundred and seventy-five pounds, two dollars; one hundred and seventy-five pounds up to two hundred pounds, two dollars and twenty-five cents; two hundred pounds and over, two dollars and seventy-five cents per hundred pounds net, all to be delivered by the 20th December next. This 21st day of November, 1850.                                        JAMES WISE."

*Kinney, J., took no part in this decision.

Plea, general issue; verdict for the plaintiff, and damages assessed at eight hundred dollars.

Upon the trial several instructions were asked by defendant, and refused by the court; but these instructions mainly turn upon one point. It is objected that the instrument sued on is not a valid contract, that it is a mere memorandum signed by defendant alone, and contains no stipulation which binds plaintiff; that it is defective in not showing mutuality or consideration; that it does not come within the statute of frauds.

It is assumed, and not denied, that Ray's name, which appears in the body of the instrument, was proved on the trial to be in his own hand writing; and this proof would have been presumed in favor of the decision below, if nothing appeared in the record to the contrary.

The fact that Ray's signature is in the body of the memorandum, cannot impair his liability. It is a signing within the statute of frauds. If the terms of the contract are in writing, and the names of the parties appear, it is sufficient to satisfy the statute, without regarding form. The point is well settled, that it is immaterial in what part of a memorandum the name of a party appears. If applicable to the substance of the written agreement, and is put there by the party, or by his authority, it is good, whether at the top, in the middle, or at the bottom of the instrument. 2 Bos. and Pull., 238; 3 Atk., 503; *Clason* v. *Bailey*, 14 John., 486; *McComb* v. *Wright*, 4 John. Ch. R., 658, 661.

In *Penniman* v. *Hartshorn et al.*, 13 Mass., 87, a memorandum for the sale of merchandise was held to be binding upon the parties, whose signature was above and not below the body of the memorandum. The instrument was in these words:

" Hartshorn and Arnold of Providence. I have sold to the above gentlemen 39 bales upland cotton at 40 cents— 60 days for approved security. SILAS PENNIMAN.

December 13th, 1813."

In deciding that Hartshorn and Arnold were liable on this instrument the court say: " It is well known that such a signing has been held good in instruments of much more importance and solemnity."

The memorandum in the present case is at least as strong, as mutual, as expressive of consideration as the above. The instrument expressly stipulates that Wise has sold and agrees to deliver the pork to Ray at the place and at the prices therein mentioned. The undertakings are mutual; the one is required to deliver and the other to take the pork under the agreement. This case then materially differs from that in 4 John., 236, in which defendant made a written memorandum giving plaintiff the refusal of a farm at a certain price. The plaintiff did not agree to buy the farm but if he did purchase he was to pay the price named.

That the memorandum in the present case is sufficient to bind both parties, is conclusively established by *Clason* v. *Bailey*, 14 John., 484, and the authorities cited by the court.

In a recent Vermont case it was decided that it is not necessary that the consideration should appear upon the face of the written contract, as it may be proved by *parole* or may be inferred from the terms and obvious import of the contract. It was also decided that accepting and adopting a written contract, by a party who has not put his name to it, binds such party the same as if he had signed the contract. *Patchin* v. *Swift*, 21 Verm., 292.

We conclude then, that the contract in the present case, is mutual and within the statute of frauds, and that the court did not err in refusing the instructions.

Judgment affirmed.

*Hall & Phelps*, for appellant.

*Reeves & Miller and G. C. Dixon*, for appellee.