[No. 4,101.]

## ASSARIA REWRICK v. JOHN B. GOLDSTONE.

CONTRACT IN THE ALTERNATIVE.—If a person purchases property from another, and contracts in the alternative, to either pay the purchase-price at a day named, or reconvey the property, he must make his election on the day named, and if he does not, he loses his right of election.

IDEM.—When a contract is in the alternative, the party who is to perform must make his election on the day the promise is to be performed. He cannot wait until the next day after he is in default.

CLAUSES IN CONTRACT MAKING CONVEYANCE NULL AND VOID.—If there is a provision in a contract between the purchaser and seller of personal property, that the seller shall pay the purchase-price at the end of two years, or reconvey the property, and that, if the purchase-price is not paid, the conveyance shall become null and void, but that the pur-

chaser may sell within two years, a sale within the two years prevents the property from vesting in the seller on a failure to pay the money. COPY OF WRITING AS EVIDENCE.—If a copy of a conveyance is admitted in evidence, without an objection that it is not the best evidence, or that the loss of the original is not shown, it has the same effect as evidence that the original would have had.

THE plaintiff, on the 24th day of June, 1871, sold the defendant an undivided one half of a patent for a stave sawing machine. The defendant paid him one hundred dollars down, and was to pay him nine hundred dollars two years from the day of sale, or, in default thereof, was to reconvey the property. This action was brought to recover the nine hundred dollars. The plaintiff, on the trial, offered in evidence a certified copy of a deed from the defendant to the Pacific Stave and Barrel Manufacturing Company, of the patent conveyed, recorded in the office of the Recorder of the City and County of San Francisco. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*P. B. Ladd*, for the Appellant.

The Court erred in admitting the bill of sale; for, if the defendant had no interest in the patent-right beyond the term of two years, he could and did convey no interest beyond that time, and his bill of sale to the company was irrelevant, incompetent and immaterial, and should not have been let in.

*W. H. Rhodes*, for Respondent.

Parsons (in 2 Cont. 163), thus states the rule: "If the promise be to pay money at a certain time, or to deliver certain chattels, it is a promise in the alternative; and the alternative belongs to the promisor. He may do either the one or the other at his election; nor need he make his election until the time when the promise is to be performed; but after that day has passed without election on his part, the promisee has an absolute right to the money, and may bring his action for it." Citing many authorities. See also the following: Chitt. Con. 729, note 2; 2 Story Cont.

Sec. 969; 1 Civ. Code Cal. Art. 1,449; Abbott's Form, 244, note *p*; 8 Cow. 35; 3 Wend. 374; 22 Cal. 69 ; 7 Ala. 775; 4 Yerg. 177; 5 Hump. 423; 2 Green (Iowa), 205 ; 7 John, 465; 1 Bail. S. C. 136; 3 Scam. 389.

By the Court, WALLACE, C. J.:

The defendant was to pay nine hundred dollars at the expiration of two years from the date of the contract, that is, he was to pay on the 24th of June, 1873, or in default thereof, he was to reconvey the property purchased. He did neither, and the action to recover the money due was commenced on the 26th day of June, 1873. If the promise upon his part is to be considered as a promise in the alternative, he had the election to pay the price or return the property, but he was bound to make the election at the time when the promise was to be performed, and not having done so, the plaintiff had thereafter an absolute right to the money. We do not understand the defendant to controvert this as being the general rule of law applicable to contracts in the alternative. The argument upon his part, as we understand it, is that his right and his consequent duty to return the property arose only upon his default in the payment of the money; that, having the whole of the 24th of June, 1873, in which to pay the money, he was first in default for its non-payment on the 25th, which being an indivisible point of time, it resulted that on the next day, the 26th, he might, under the terms of the contract, have reconveyed the property in discharge of his covenant. But we cannot assent to this view. As we observed at the argument, it attributes too much force to the apparently casual expression '' or in default thereof,'' found in the contract. The prime object of the agreement was a sale for money, part of which was paid in hand, and the remainder to be paid in two years thereafter. The obligation to pay was not absolute upon the defendant, but in default of payment; that is, as we interpret the contract, instead of payment, or in lieu of payment, the defendant might discharge himself by returning the property purchased, but in

either case he was absolutely bound to perform at the expiration of two years from the date of the contract.

The interest in the patent-right which was sold to the defendant has not been vested in the plaintiff by the failure of the former to perform his contract. The provision found in the contract, to the effect that upon such failure upon the part of the defendant, the conveyance should thereby be " null and void," was qualified by the further stipulation that the defendant might, nevertheless, sell the interest within the two years' time mentioned therein, and the proof shows that he did, in September, 1871, make sale of it to the Pacific Patent Stave and Barrel Manufacturing Company. It is true that this fact was made to appear only by a copy of the instrument of conveyance made to the company, but it was not objected that the instrument was a copy merely, or was not the best evidence, or that the original had not been accounted for. The only " objection taken was the argumentative one that" it could " not affect the question whether the defendant took anything by virtue of his contract with the plaintiff." And this objection, if it amount to one, was properly overruled.

Judgment and order denying new trial affirmed.