## JOHN NOAH v. WILLIAM W. PIERCE.

*Sale—Auction—Passing of title—Purchase price.*

The findings of the circuit judge that the title to a wagon, bid off
by defendant at an auction sale had by the plaintiff, passed to
the defendant, and that by refusing to give the security
required by the terms of the sale to entitle him to the credit
extended, or to pay for the wagon at all, he forfeited his
right to such credit, and that the purchase price thereupon
became due and payable, and is the measure of plaintiff's
damages, it appearing that the wagon was worth that sum, are
sustained.

Error to Allegan. (Arnold, J.) Argued February 11,
1891. Decided February 27, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*Tatem & Quinsey,* for appellant.
*Padgham & Humphrey,* for plaintiff.

MORSE, J This is a case originating in justice's court,
and in which the plaintiff has recovered judgment in that
court and at the circuit, for the value of a wagon sold
at auction for the sum of $11.75.

The circuit judge finds the facts to be, in substance,
that the plaintiff had a sale at public auction of his
stock and farming tools. "All sums over five dollars"
were to be on six months' time, on good approved
security. The defendant was present, and plainly saw
the wagon, and bid with others upon it. It was struck
off to him at $11.75. After the sale was concluded, and
defendant was going home, he said to plaintiff, "I will
settle with you for this wagon the first time you come to
Moline;" and plaintiff replied, "That is all right."

As the parties both then intended and understood the matter, the wagon so bought by the defendant was then his property, and the title had passed to him, and he was to settle for it when the plaintiff came to Moline, where the defendant resided. About two weeks after the sale the plaintiff called upon the defendant at Moline, and asked him to settle for the wagon. Defendant replied that he didn't know as he would take it; that he had no use for it; but that he would take it if plaintiff would take his pay out of defendant's store. Plaintiff refused to do this, and defendant refused to settle or pay for the wagon in any other way, and about four months thereafter the plaintiff brought this suit to recover the purchase price of the wagon.

"It is claimed on the part of the defendant that he supposed he was bidding on another wagon, and not upon the one he bought; that there was, by reason of this mistake, no meeting of the minds of the parties, and hence no sale. But this claim is not made out by the evidence in the case; therefore it becomes unnecessary to determine whether, if true, it would or would not have the effect claimed.

"It is claimed there can be no recovery, because it is claimed there was no delivery of the wagon to defendant. The wagon was left where it was when sold to defendant; the plaintiff has not since that time assumed or exercised any control over it, or meddled with it in any way. It has ever since been subject to the defendant's control and disposal.

"It is claimed that plaintiff should have resold the wagon, and that, had he done this, he could have recovered only the difference between the price received on such resale and the price bid by defendant, and until such resale there can be no recovery. The proofs show the wagon to have been worth the full sum bid by the defendant at the time it was struck off."

The court found, as matters of law, as follows:

"1. The title having passed to defendant, as already found, the measure of damages is not the difference (if

any) between the actual value at the time and the sum for which the defendant bought the wagon; and inasmuch as the defendant refused to settle with the plaintiff for the purchase price of the wagon, and to execute any evidence of indebtedness for the amount due in six months with seven per cent. interest, or to pay for the wagon at all except in goods, he was not entitled to the six months mentioned in the printed conditions of sale, but the amount was due and payable at once, as though no conditions of sale had been mentioned.

" 2. The plaintiff is entitled to have judgment entered in his favor against the defendant for the said sum of $11.75, together with $1.77 interest from May 20, 1887, amounting in all to $13.52, together with his costs of suit in this court, as in cases commenced in this court, to be taxed, and to have execution therefor."

Errors are assigned upon the findings of fact by the court, but the record shows that there was testimony tending to support each of such findings, and therefore we cannot disturb them. The conclusions of law upon the facts found are correct.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.