[No. 1495. Decided February 14, 1895.]

A. LIBBEY, *Respondent*, v. S. T. PACKWOOD, *Appellant*.

CONTRACTS — DELAY IN ACCEPTANCE OF OFFER — SPECIFIC PERFORMANCE.

Where a party has merely the right to elect to take advantage of
the terms of a proposed contract, he cannot enforce its specific per-
formance when he has failed for a year and a half to exercise the
election given him.

Upon the reversal of a judgment against a defendant, he is not en-
titled to judgment in the appellate court upon notes pleaded in a
cross-complaint, when he has not urged his right thereto on the
hearing in the appellate court, and the evidence on the subject in
the lower court was meager and unsatisfactory, the trial being de-
voted mainly to another issue.

*Appeal from Superior Court, Pierce County.*

*R. B. Lehman, B. F. Heuston,* and *T. W. Hammond,*
for appellant.

*J. A. Williamson,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The appeal in this case is based entirely
upon questions of fact. In November, 1889, one
Walters promoted and organized a townsite company
called "The East Tacoma Improvement Company,"
for the purpose of building a town to increase the
value of certain real estate in which he and others
were interested. The parties to this suit, Walters and

two others, were the original subscribers.   The capital stock was $300,000, one-half of which was issued to the ·five original subscribers in equal proportions, and the other half was reserved with the expectation of selling it and taking the purchaser into the concern much as an original subscriber.   For the purpose of disposing of this stock so retained, a block of $4,000 and forty lots in said projected town were offered at $2,000, with the provision that notes would be taken from the purchasers for the amount.   The parties to this suit, Walters and a number of other persons, availed themselves of this offer; became purchasers of stock and lots, and gave their notes to the company, or to Walters for the company, the two notes, for $1,000 each, involved in this action having been thus given by respondent on November 6, 1889.   On April 8, 1890, appellant made a contract with three of the stockholders of the company; one of whom was Walters, another, one of the five original subscribers, and the other, one who had come in under the $4,000 block offer.   By the contract appellant agreed to secure to the three persons what was practically a rescission of their acts and contracts in respect to the incorporation, viz., the three agreed to surrender to appellant whatever rights and property they had from the corporation, and appellant agreed to relieve them from further liability.   ·The contract also contained the following clause, the East Tacoma Improvement Company being one of the corporations referred to:

" *Third:* I furthermore obligate myself to cause to be returned to all or any of the stockholders of either of the corporations herein first named, each and every promissory note or notes executed by them in favor of either of said corporations, upon their surrender for cancellation of the shares of stock of either of said

corporations held by them, together with a relinquishment of all claims in their behalf against said corporation for real estate or other values given or agreed to be given them in consideration of the execution and delivery to said corporations or either of them of the said promissory notes to be returned."

On May 15, 1890, respondent paid $600 on one of the notes made by him as before stated, because, as respondent claims, he was informed by appellant that he was not included in the contract and therefore supposed he was obliged to pay the note; and, as appellant claims, because he had elected not to come in under the contract and therefore should pay up. On or about June 24, 1890, the respondent received a copy of the contract with a letter from one of the parties thereto other than the appellant, advising him that he was included therein. On June 30, 1891, the respondent transferred his $30,000 of stock to a third party. On December 4th following, this action was commenced to compel a specific performance of said contract of April, 1890, and to recover back the $600 paid on the note as aforesaid. Judgment was rendered for the plaintiff for this $600, and the defendant appealed therefrom.

One of the contentions between the parties was as to whether the respondent was required to surrender all of his stock, which included the $30,000, as well as the $4,000, under the contract, if he sought to avail himself of it. Respondent contends that he was only to surrender the $4,000 thereunder, while appellant contends that he was to surrender all of his stock; and it was proved that the other parties to the contract did surrender their entire stock thereunder. We regard this contention as immaterial, however, for it seems to us that the first point made by appellant is well taken,

and that is that the respondent waived his right to come in under the contract, if he had any, by failing to exercise it within a reasonable time. The proof shows that he delayed for about a year and a half before he sought to avail himself of its provisions. Respondent contends that he should be excused for this delay because the appellant first represented to him that he had no right to come in under the contract; and secondly, that the appellant was not in a position to comply therewith, because he did not have both of the notes in his possession to turn over to the respondent on the surrender of his stock. And it is further contended that time was not of the essence of the contract, and that the delay of a year and a half ought not to bar a recovery, regardless of the reasons stated for the delay. The proof shows, however, that for considerably more than a year after respondent was fully advised of his rights in the premises, and after appellant had secured the notes and was in a position to surrender them upon a surrender of the stock, the respondent remained inactive. Of course it is not contended that the respondent was bound to come in under the contract, he not being a party thereto. At the most he had simply the right to an election, and to avail himself of this he should have exercised it within a reasonable time.

We are fully satisfied from the proofs introduced that respondent did not at first intend to surrender his stock under the contract, thinking that the speculation was likely to prove a profitable one; but after the delay aforesaid, and after the affairs of the company had taken an unfavorable turn, he sought to secure the benefit of its provisions. We think his action in the premises so clearly barred his right to a

recovery that the finding of the lower court cannot be sustained, and the judgment should be reversed.

HOYT, C. J., and ANDERS, J., concur.

DUNBAR and GORDON, JJ., dissent.

### ON MOTION OF APPELLANT FOR JUDGMENT.

SCOTT, J.—On February 14th a decision was rendered in this cause, reversing the judgment of the lower court. The appellant has filed and served a motion for judgment upon the notes pleaded in his cross-complaint.

It is not contended that the relief now asked was urged upon our attention at the prior hearing, but it is claimed that it should follow as a matter of course, the court having found against the plaintiff upon his cause of action. A further examination of the record does not satisfy us that this matter was fully litigated or received such attention at the trial as would justify the rendering of a judgment thereon at this time. The main controversy was apparently upon the plaintiff's cause of action; and the right of the defendant to recover upon the notes seems to have been only indirectly brought in question and incidentally referred to several times upon the trial. In one part of his testimony plaintiff claimed there was an agreement that the notes were not to be paid, and in another there was a casual reference to the fact that he had received no consideration therefor, as the deed to the lands in question had never been delivered to him. It also appears that the defendant claimed to have come into the possession of said notes as a *bona fide* holder, and he now urges that such defenses were not available as against him for that reason.

The evidence upon both sides as to such matters is meager and unsatisfactory, and in view of the fore-

going we are not disposed to grant the motion, and are of the opinion that justice will be best subserved by remanding the cause for a trial of the issue regarding the right of the defendant to recover upon the notes, with leave to the parties to amend their pleadings, if desired, and introduce further testimony, and it is so ordered.

HOYT, C. J., and ANDERS, J., concur.