### J. HOMER GADDY v. PAUL L. SMITH.

Decided March 4, 1908.

**1.—Venue—County Seat—Judicial Knowledge.**

The courts will take judicial notice of the fact that a certain town is the county seat of a certain county.

**2.—Same—Breach of Contract to Deliver.**

A defendant having contracted to deliver a certain quantity of wood either at a station in his own county or at a station in another county where plaintiff resided, a suit for the breach of the contract by the defendant was properly brought in the county of plaintiff's residence. By his breach of the contract defendant lost his option as to the place of performance, and the privilege to sue in his own county at once inured to the plaintiff.

**3.—Same—Breach of Contract—Statute Construed.**

Under the provisions of subdivision 4, article 1194, Revised Civil Statutes, where a party by written contract agrees to perform an obligation in the alternative in one of two counties, and afterwards breaches the contract, the obligee in the contract would have the right to bring suit for breach thereof in either county.

Error from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*W. S. Eason,* for plaintiff in error.

*Warren & Briggs,* for defendant.

RICE, Associate Justice.—Plaintiff in error, J. Homer Gaddy, sued Paul L. Smith, defendant in error, a resident of Upshur County, in the District Court of McLennan County, for damages for breach of contract in failing to deliver 500 or more cars of wood, which it is alleged defendant in error bound himself to deliver by virtue of the following written contract, entered into between plaintiff and defendant, to wit:

"Waco, Texas, 4-9, 1906.

"This certifies that I have this day contracted with the Gaddy Grain Co. of Waco, to furnish them with 500 or more cars of wood of the following grades and prices, to wit: All split oak, first class dry at $1.90, f. o. b. Rosewood, or $3.75 delivered, Waco; or green wood of same quality at $1.75, f. o. b. Rosewood, or $3.60 delivered Waco; 2d class split or round wood, at $1.50 Rosewood, or $3.35 delivered Waco, for shipment along as is needed by Gaddy Grain Co., provided however, that the said Gaddy Grain Co. gives me sufficient notice as to allow me to have wood ready.

This contract is executed in duplicate, original held by me and duplicate by said Gaddy Grain Co.

"This April 9, 1906.

(Signed)                          Paul L. Smith,
                                          Gaddy Grain Co."

There were further allegations as to certain details of this contract, which plaintiff claims were explanatory thereof, and which was alleged to have been made at the time the same was entered into, but which, in the view that we take of this case, it will be unnecessary to set out. It was alleged that the defendant wholly failed and refused to deliver said wood or any part thereof under said contract, to plaintiff's damage $5000.

To this action defendant interposed a plea of personal privilege to be sued in Upshur, the county of his residence; and further alleged in said plea that it appeared from said contract that it was optional on the part of defendant in error as to where the said wood should be delivered; that is, whether it should be delivered at Rosewood, which is in Upshur County, or at Waco, which is in McLennan County; and that he had at no time, either in writing or otherwise, exercised said

option by agreeing to deliver wood under said contract to the plaintiff in McLennan County.

Plaintiff filed exceptions to defendant's plea of privilege. The case was tried before the court without a jury, and the court after hearing the evidence as to defendant's plea of privilege, sustained the same and dismissed the cause at plaintiff's cost. from which judgment, this writ is sued out.

Plaintiff in error by his sixth and seventh assignments of error assails the judgment of the trial court in sustaining said plea.

While article 1194, Revised Civil Statutes, declares that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile," still, this article has numerous exceptions, and subdivision 5 thereof provides that "where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county or where the defendant has his domicile." It has been held that a written contract need not expressly state that it is to be performed in a particular county to give jurisdiction, but if it appears from the writing that it must necessarily be performed in a certain county, the venue is properly laid in that county. (Darragh v. O'Connor, 69 S. W., 646). So that even if the contract in this case providing for the delivery of the wood did not expressly mention that the delivery should be made in McLennan County, but stated that the delivery should be made in Waco, then under the authority last cited, since Waco is in McLennan County, this would bring the case within the exception of the statute above set out; and the court has the right, under the law, to take judicial cognizance of the fact that Waco is in McLennan County. (Carson v. Dalton, 59 Texas, 502; Solyer v. Romanet, 52 Texas, 567).

We think that by the terms of the contract sued upon the defendant obligated himself to deliver the wood to plaintiff at Rosewood, which is in Upshur, the county of his residence, or at Waco, and that having bound himself to deliver the wood at Waco in the alternative, this would give plaintiff, upon a breach of the contract, the right to sue the defendant in McLennan County. But it is contended by defendant in error that since this was an alternative contract, in which he had the option to deliver said wood either at Rosewood or at Waco, and that as he had at no time in writing or otherwise exercised said option by agreeing to deliver the wood under said contract to the plaintiff in McLennan County, that thereby he was improperly sued in said county. We do not concur in this contention, because, even though defendant in error had the right, if he saw fit under the contract, to have delivered the wood either at Rosewood or Waco, still, in our opinion, this would not have affected plaintiff's right to sue upon said contract in the event of breach thereof in McLennan County, for the reason that the defendant had bound himself in the alternative to deliver said wood either at Waco or at Rosewood; and under the statute, having bound himself to deliver the same at Waco, the right at once upon breach thereof enured to plaintiff to sue thereon in McLennan County. And this right, in our judgment, would have existed independent of defendant's option to deliver the same in a different county from the one in which he was sued; and we do not think this option on the part of

defendant in any way affects the question of venue. But, granting that defendant had the right under his option to have delivered the wood at Rosewood, which is in Upshur County, still having failed and refused to deliver any wood under said contract, his option was thereby terminated, and the privilege to sue under the contract in McLennan County by reason thereof at once enured as a privilege to the plaintiff.

In Page on Contracts, vol. 3, p. 2163, sec. 1391, it is said: "Under a contract to do one or the other of two things, the right of choice as to which of such things shall be done in order to perform the contract is with the promissor up to the time of the breach. After the time for performing the contract has passed, the promissor has lost the right of election. Thus, where a vendor agrees to deliver goods at one of three places by a certain time, he must exercise his option of delivering at the place of his choice before such time, or he loses the right of election. So, if A has the right to discharge his obligation to B within a certain time by conveying certain property, or paying a certain sum of money, and A does neither, B acquires the right of election."

In Phillips v. Cornelius, 28 So. Rep., 871 (Miss.) it is said: "In contracts when a debtor is obliged in an alternative obligation to do one of two things, he has the choice to do one or the other until the time of payment or until demand, where no time of performance has been agreed on; and on a failure of the person who has the right to make his election in proper time, the right of election passes to the opposite party." Citing in support of said doctrine Co. Litt. 145a; Corbin v. Fairbanks, 56 Vt. 538.

Bouvier's Law Dictionary, vol. 1, p. 583, treating of the same subject, says: "In contracts where a debtor is obliged in an alternative obligation to do one of two things, as to pay $100 or deliver 100 bushels of wheat, he has the choice to do one or the other until the time of payment, but has not the choice, however, to pay part in each; or if a man sell or agree to deliver one of two articles, as a horse or an ox, he has the election until the time of delivery, it being a rule 'that in case an election be given of two several things always he which is the first agent and which ought to do the first act, shall have the election;' on the failure of the person who has the right to make his election in proper time, the right passes to the opposite party. Pothier Obl. No. 247."

So it appears from the above authorities that even though defendant in error is correct in the construction of the contract, that he had the option thereunder to deliver the wood either at Rosewood or at Waco, which is not denied, still, having failed to exercise his option, and having failed to deliver the wood or any part thereof, the privilege on the part of plaintiff in error to at once declare the contract one for Waco delivery, it seems is clearly sustained.

But, independent of the doctrine of election contended for by defendant in error, we are inclined to the opinion that where a party by written contract agrees to perform or promises to pay an obligation in the alternative in one or the other of two counties, and afterwards breaches the contract, we believe the obligee in said contract would have the right to bring suit for breach thereof or default in payment in either county, and that this right exists by reason of subdivision 5 of

article 1194, Revised Civil Statutes, which grants to the plaintiff in such cases the right to bring suit in the county where the obligor has promised in writing to perform; and, certainly, it could be no answer to such suit on his part to say that since he has promised performance in the alternative in either county, that his failure so to do would prevent the obligee from exercising his option to file suit against him in either of said counties.

There are several other assignments of errors, but in view of our construction of the contract sued upon, we deem it unnecessary to consider them.

For the error herein pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*