Bockelman v. Spires.

---

PAUL F. BOCKELMAN, APPELLEE, V. F. K. SPIRES, APPELLANT.

FILED APRIL 21, 1923. No. 22344.

1. **Sales:** SALES AT AUCTION. If in an auction sale certain terms and conditions are announced publicly at the opening of the sale, a purchaser at such sale is bound thereby, whether he was present or not when they were made.

2. **Vendor and purchaser:** SETTLEMENT: ELECTION. Where a real estate contract provides for alternative methods of settlement, with the right of election in the first instance in the purchaser, and he refuses to exercise his right, the right of election then shifts to the seller.

3. **Specific Performance:** DECREE. A court of equity may properly enter a decree for specific performance providing that, on vendee's default in payment of the price, the premises be sold and judgment entered against him for the deficiency.

APPEAL from the district court for Merrick county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*John C. Martin,* for appellant.

*Harold M. Morse* and *Reeder & Lightner,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

Plaintiff brought a suit for specific performance of a certain contract for real estate. From a decree granting specific performance defendant has appealed.

On August 26, 1920, plaintiff, appellee herein, being the owner in fee of the real estate called Morningside addition to Clarks, Nebraska, offered all the lots therein for sale at public auction under certain terms and conditions which were printed and distributed before the sale and publicly announced at the opening of the sale. The lots were sold to the highest bidder, who immediately after the same were sold to him signed a memorandum evidencing the sale and purchase. The defendant purchased four lots for a total sum of $2,290, and thereafter refused to settle for the same. He defended on two grounds: First, that plaintiff agreed to give an abstract of title with each lot purchased and failed to carry out said agreement; second, that plaintiff agreed not to sell the lots in the addition below a certain figure. He also contends that false representations were made by plaintiff which induced him to sign the memorandum.

Appellant was not present at the opening of the sale, and the evidence is undisputed that at the opening of the sale the auctioneer announced that an abstract of title brought down to the time of the platting of the addition, together with the opinion of an attorney thereon, was deposited in a local bank and could be inspected by any of the purchasers, but that no abstract of title would be furnished with each lot purchased. Appellant is bound by the announcement and printed terms, whether he was present or not when they were made at the opening of the sale, or whether or not he read the printed announcement. 6 C. J. 828, sec. 20.

The evidence as to whether the auctioneer, after commencement of sale, made announcement as to furnishing

abstracts and as to whether he agreed not to sell lots under a certain price is conflicting, and the findings of the court thereon will not be disturbed. Moreover, appellee offered to furnish abstract, but appellant refused to pay purchase price.

There is some dispute as to what was said at the time the appellant signed the memorandum, but the defendant, when he appeared for settlement at the bank, gave as his only reason that he had paid too much for the lots and attempted to secure a reduction of the price. His defense of misrepresentation inducing him to sign the memorandum appears to be an afterthought.

Complaint is made of the form of the decree. The court decreed specific performance; held the entire purchase price due and payable; ordered the premises sold on foreclosure, and, if they failed to bring the purchase price, ordered a deficiency judgment against the appellant.

The memorandum provided that the purchase price should be paid "in cash or a note approved, as announced by the auctioneer." The auctioneer announced that the purchaser had the option of paying cash, less 5 per cent. discount on two-thirds of purchase price, or of paying the purchase price in three instalments, one-third cash and two deferred payments at six and twelve months each, with 8 per cent. interest. The appellant having refused to settle with the seller upon any terms at all, and the contract in question providing for alternative methods of settlement, with the right of election in the first instance in the promissor, the rule is well settled that, if the person who is given the first right of election fails or refuses for a considerable length of time to exercise his right, it then shifts to the other party. 36 Cyc. 575; 6 R. C. L. 860, sec. 247; *Noah v. Pierce*, 85 Mich. 70.

Where a contract for the sale of real estate is mutual, that is, if the vendee could maintain specific performance, then the vendor can do likewise, a deficiency judgment

and a decree in favor of vendor for specific performance,
providing that, on the vendee's.default in payment of the
price, the premises be sold and judgment entered against
him for the deficiency, is proper. *Loveridge v. Shurtz,*
111 Mich. 618.

The decree of the district court is therefore right and
is

AFFIRMED.