### 11613

### ELLISON v. BOYD

#### (125 S. E., 493)

1. VENDOR AND PURCHASER—CONTRACT PROVIDING ALTERNATIVE METHODS OF PAYMENT OF BALANCE OF PURCHASE PRICE HELD NOT VOID FOR INDEFINITENESS.—Contract for sale of land providing for payment of balance of purchase price on delivery of deed, "in cash or on terms agreed upon at that time," at a specified rate of interest per annum, *held* not void for indefiniteness.

2. VENDOR AND PURCHASER—RIGHTS OF PARTIES UNDER CONTRACT PROVIDING ALTERNATIVE METHODS FOR PAYMENT OF BALANCE STATED.—Under contract for sale of land providing for payment of remainder of purchase price on delivery of deed "in cash or on terms agreed upon at that time" at certain interest, the purchaser could elect prior to date of delivery to pay balance in cash or on terms, but on failure to exercise election within such time, the right of election passed to vendor.

Before WILSON, J., Oconee, April, 1923. Reversed and remanded.

Action by C. H. Ellison against R. H. Boyd. From an order sustaining demurrer to plaintiff's complaint, plaintiff appeals.

*Mr. J. R. Earle,* for appellant, cites: *Demurrer—partial uncertainty:* 13 C. J., 271. *Contract:* 13 C. J., 237.

*Mr. M. C. Long,* for respondent, cites: *There was no error in sustaining demurrer—as to agreement:* 112 S. C., 238; 94 S. C., 295; 86 S. C., 80.

December 1, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of the Circuit Court sustaining a demurrer to the plaintiff's complaint. The alleged cause of action set forth in the complaint was a claim of

$1,150 damages for the breach of a contract dated September 18, 1920, by which the plaintiff agreed to sell, and the defendant to purchase, a certain piece of real estate in the City of Seneca. The contract is peculiar in terms, and is thus set forth in the complaint: The price agreed upon was $4,750, $100 of which was paid at the time of the execution of the contract, the remainder of the purchase price was to be paid upon the delivery of the deed, *in cash or on terms agreed upon at that time;* if in cash, the remainder $4,650 was to be accepted by the seller, but if not, the price should be $5,000 instead of $4,750 and the remainder, $4,-900, was to be secured and draw interest at 8 per cent. annually.

It is alleged in the complaint that at the time the contract was entered into, the title to the property was in one E. M. Coleman, from whom Ellison, the plaintiff, had contracted to buy it at $3,750, and that the transaction between Ellison and the defendant, Boyd, was to be closed up, as soon as Ellison received his deed from Coleman; that he complied with his contract with Coleman and tendered to the defendant a deed conveying the property to him, to be delivered upon his complying with the terms of sale, that is, either to pay the $4,650 in cash, or to execute his obligation for $4,900, upon such terms as the parties might agree upon; that the defendant refused to comply with either of said conditions, and that the plaintiff has been damaged by the defendant's breach of his contract, in the sum of $1,150, with interest at 7 per cent. from the date of the contract, September 18, 1920.

The defendant interposed the general demurrer to the complaint upon the ground that the alleged contract "is too vague, indefinite and indeterminate"; in greater detail the particulars in which it is alleged that the minds of the parties did not meet, are thus specified:

"(1) The terms to be agreed upon at making the deed; (2) the security to be given for balance of purchase price

at making of deed if whole amount of purchase price is not paid; (3) as to amounts to be paid on deferred payments; and (4) when and how deferred payments are to be made."

The demurrer was heard by his Honor, Judge Wilson, at April term, 1923; he signed a formal order, without discussion, sustaining the demurrer upon the grounds before stated, and dismissing the complaint. From this order the plaintiff has appealed.

The demurrer was improperly sustained. It may be assumed, although it is not intended so to decide, that if the provision for a sale upon an extended credit stood alone, the indefiniteness of its terms would render the contract unenforceable, but the case presented by the admitted facts (on demurrer) is one of alternative promises on the part of the defendant, either to pay the remainder of the purchase price ($4,750 less $100) in cash, or to pay it upon such extended terms of credit as might be agreed upon when the deed was executed and ready for delivery.

The rule in such case is that up to and including the date of the maturity of the contract, the promisor may exercise his election between the alternative promises, but that if he should fail within such time to exercise his election, the election then passes to the promisee.

In the case at bar the maturity of the contract was when the deed from Ellison to Boyd was tendered. Boyd not only failed then to exercise his election, but positively refused to comply with either alternative, and still refuses, declining to comply with the provision for cash payment, and repudiating the other upon the ground of indefiniteness. He is in no position to object to the indefiniteness of the second alternative which passed out of consideration upon his failure to exercise his election and the insistence of Ellison upon the other. In common fairness Boyd should have made some effort to reach an agreement upon the second alternative, if he really desired to comply with it. The strong suspicion is that he did not intend to comply with

his contract, and endeavored by a technical objection to escape from it.

In 13 C. J., 630, it is said:

"If the promisor has the right to do one of two things by a given day his right of election is lost if that day passes without his electing, and the right of election is in the party to whom the promise is to be performed."

In *Choice v. Moseley,* 1 Bailey, 136; 19 Am. Dec., 661, the defendant had made a note for $50.00 payable on a certain day, it contained this clause, "to be discharged in a horse." On the day after the maturity of the note the defendant went in search of the payee to tender him a horse, but was unable to find him; the note having been assigned to the plaintiff, the defendant tendered to him a horse which the plaintiff refused to accept upon the ground that he had the right to elect and preferred the money. The Court held:

"I take it that the rule is very clear, that when one contracts in the alternative to do one of two things by a given day, he has, until the day is passed, the right to elect which of them he will perform; but if he suffer the day to elapse without performing either, his contract is broken, and his right of election is lost."

See, also, *Patchin v. Swift,* 21 Vt., 292; *Center v. Center,* 38 N. H., 318. *Collins v. Whigham,* 58 Ala., 438. *Rewrick v. Goldstone,* 48 Cal., 554. *McNitt v. Clark,* 7 Johns, (N. Y.), 465. *Libbey v. Packwood,* 11 Wash., 176; 39 P., 444, 647. *German Ins. Co. v. Bank,* 126 Ky, 730; 104 S. W., 725; 6 R. C. L. (citing *Choice v. Moseley*).

The judgment of this Court is that the judgment of the Circuit Court be reversed and the case be remanded to that Court for trial.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.