THOMAS, Respondent, *v.* CLOYD, Appellant.

(No. 8,008.)

(Submitted March 1, 1940. Decided March 25, 1940.)

[100 Pac. (2d) 938.]

344

*Messrs. O'Connor & Fitzgerald,* for Appellant.

*Mr. F. C. Fluent,* for Respondent.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal by the defendant from an order denying his motion for change of venue in an action for damages for alleged breach of contract.

The complaint, filed in Silver Bow county, alleged that the defendant Cloyd was a practicing dentist at Livingston (Park county), Montana, and was desirous of establishing a dental laboratory there; that he therefore promised that if plaintiff would quit his job, he would get plaintiff into a dental laboratory at Butte (Silver Bow county), Montana, for the purpose of learning the business and during that time would pay plaintiff $10 a week, that after plaintiff had learned the business he would establish plaintiff in a dental laboratory at Livingston, that plaintiff would be able to earn "a profit" of $200 per month, that "in the event he was not placed in a dental laboratory in Butte," defendant would place him in a dental laboratory in Portland, Oregon, or Minneapolis, Minnesota, and in that event would pay plaintiff $10 per week and in addition the cost of his board and room while learning the said business at either of those places; that on March 1, 1938, and long prior thereto plaintiff had been steadily employed as a bookkeeper and accountant at Butte and was earning $125 per month; that in consideration of defendant's said promise and at defendant's request and relying upon the agreement, plaintiff terminated his employment on March 15, 1938, and requested defendant to place him in a dental laboratory; that defendant had not done so and had not paid plaintiff any sums except $120 paid him in April and May, 1938; that plaintiff did everything required of him under the agreement and had at all times since March 15, 1938, been ready, willing and able to enter a dental laboratory; that he had been out of employment since March 15, 1938, except for thirteen weeks of temporary employment.

The complaint made no direct allegation of plaintiff's damage by reason of the alleged breach of contract, but the prayer of the complaint was for judgment for $975 as wages lost between March 15, 1938, and the filing of the complaint on March 7, 1939, and for the sum of $3,000 damages "from loss of earning power by reason of not being able to learn said dental laboratory business," and for his costs.

It will be noted that the contract alleged was for the placing of plaintiff by defendant in a dental laboratory at Butte, Montana, Portland, Oregon, or Minneapolis, Minnesota, for the pur-

pose of learning the dental laboratory business, and for the payment to him by defendant of $10 per week at Butte, or of $10 per week and room and board at Portland or Minneapolis, while he was learning the business, and for. establishing plaintiff in a dental laboratory at Livingston after he learned the business. In other words, the contract had two purposes, (1) plaintiff's training for the business and (2) his establishment in it.

However, plaintiff sought by his complaint to recover only for his loss of wages during the period from March 15, 1938, to March 7, 1939, and for $3,000 as "loss of earning power" by reason of defendant's failure to place him in a dental laboratory and maintain him there so as to learn the business; and no damages appear to be based upon breach of the second part of the contract, which was for the establishing of plaintiff in business after the completion of his training.

Upon filing his appearance, the defendant filed written demand and motion for change of venue, affidavit of merits and affidavit in support of motion, together with notice setting the latter for hearing.    The affidavit in support of defendant's motion stated that he was at all times a resident of Park county; that service was had upon him there; that the contract in suit was entered into in Park county, if at all; "that all loans and advances or payments as alleged in the complaint, if any," were to be made to plaintiff by defendant in Park county; and "that all payments or advances alleged in the complaint as having been made" were made in that county; that the contract "if any, was to be performed by said defendant and said plaintiff" in Park county and "that all of the obligations under said contract, if any, to be performed by said defendant were to be performed by him" in Park county, Montana.

At the time set for hearing of the motion the plaintiff filed a counter-affidavit, alleging that the contract sued upon "was, and is to be performed in Silver Bow county, Montana, and that all payments under said contract were, and are, to be paid in Silver Bow county, Montana."

It has been established by this court that in the provision of section 9096, Revised Codes, providing that "Actions

upon contracts may be tried in the county in which the contract was to be performed," "may" means "must" (*State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030) ; and that the burden of establishing the right to a change of venue is upon the movant. (*Courtney* v. *Gordon,* 74 Mont. 408, 241 Pac. 233.)

The only specification of error is that the court erred in deny- ■ ing the motion for a change of venue. Defendant accepts the above rules but contends also that if the place of performance was to be outside of Montana the proper place for trial was in the county of defendant's residence, and that in any event the venue is in Park county, where he resides. He recognizes the fact that there were two purposes of the contract: First, financ- ing and making possible plaintiff's training, either in Silver Bow county, Montana, or outside the state; second, establishing plain- tiff in business, in Park county. As to the first part of the contract, defendant argues that since the pleaded agreement was that "in the event he [plaintiff] was not placed in a dental laboratory in Butte," he would be placed in one outside of the state, there was no obligation to perform the contract in Silver Bow county; that that part of the contract was therefore not to be performed in Montana, and that venue was therefore in Park county. Defendant argues that since the second part of the contract—the establishment of plaintiff in a dental laboratory— was to have been performed in Park county, that county was to have been the final or ultimate place of performance, and was thus the proper place for trial.

The latter contention is clearly not tenable. While this court has held that a contract is not performed until completely per- formed (*Hanlon* v. *Great Northern Ry. Co.,* 83 Mont. 15, 268 Pac. 547), the contract involved in that case comprised only one purpose, the carriage of livestock to destination. In this case there were two objects, and it is clear that plaintiff claims dam- ages only for the first, which was to be performed either in Silver Bow county or outside of the state. Thus it is immaterial that the second object was to have been performed in Park county, since that part of the contract is not involved in the suit. We shall therefore limit our further discussion to the

question where the first part of the contract was to have been performed. And in considering that question it will not be necessary to determine whether if the place of performance is to be outside of Montana the venue is in the county of defendant's residence, as stated by way of *dictum* in *State ex rel. Interstate Lumber Co.* v. *District Court,* supra.

It will be noted that the affidavit and counter-affidavit are of virtually no assistance in determining this question, that both contain little more than conclusions of law as to where the contract was to be performed, and that if the contract as set up in the complaint means anything, it is that the conclusions of neither affidavit are entirely correct. The complaint clearly alleges that the defendant agreed to place plaintiff in a dental laboratory at either Butte, Portland, or Minneapolis, and to pay him certain amounts, obviously for his maintenance, while there. It seems clear that regardless of the conclusions stated in the affidavits of both parties, the support was to be furnished to plaintiff by defendant wherever plaintiff was receiving his laboratory training, and in no event was it to be within Park county, Montana. By no stretch of the imagination can we suppose that whether plaintiff was to be trained at Butte, Portland, or Minneapolis, he was to receive defendant's payments at Livingston, and the fact that such payments as he did receive were made at that point could not alter the fact that the part of the contract involved in this suit was in no event to be performed in Park county.

Obviously it was the primary expectation that the performance was to be at Butte, and in that event the burden upon defendant was the less, whereas if performance of that part of the contract should be at Portland or Minneapolis, the defendant was to furnish board and room in addition to the sum of $10 per week.

Thus the place of performance of that part of the contract ▮▮ sued upon was in the alternative, and was to be either in Silver Bow county, where the action was filed, or at Portland, Oregon, or Minneapolis, Minnesota. In 1 Restatement of the Law of Contracts, section 325, pages 493 and 494, the rules concerning alternative performance are stated as follows:

"c. A promise of one of several alternative performances will give the choice of the alternative, unless the contrary is stated, to the person who is to render the performance. This will ordinarily be the promisor, but may possibly be the promisee."

"e. Where the ultimate time has arrived when some performance must be rendered by the promisor, and he neither performs nor elects, it cannot be said that the promisor is under a duty to perform any particular one of the alternatives. The breach of duty is the failure to render any one of the performances promised."

The rule would seem to express what was obviously the intention here: That the defendant had the choice of the alternatives mentioned.

The rule is further stated (12 Am. Jur. 876, 877, sec. 322), as follows: "When a promise is in the disjunctive, ordinarily the promisor may elect which act he will perform. The obligation may be discharged by the performance of either of the enumerated acts at the election of the obligor. * * * One who contracts in the alternative to do one of two things by a given date has, until the day is past, the right to elect which of them he will perform; but if he allows the day to elapse without performing either, his right of election is lost. (Citing *Texas & P. R. Co.* v. *Marlor,* 123 U. S. 687, 8 Sup. Ct. 311, 31 L. Ed. 303; *Choice* v. *Moseley,* 17 S. C. L. 136, 1 Bailey, 136, 19 Am. Dec. 661.) There is some authority to the effect that the right of election thereupon passes to the other party." (Citing *Bockelman* v. *Spires,* 110 Neb. 234, 193 N. W. 334; *Ellison* v. *Boyd,* 130 S. C. 269, 125 S. E. 493, 36 A. L. R. 855.)

If this rule is correct, it would seem to follow that where a given day is not stated for the election the expiration of a reasonable time should have the same effect, and such broader rule is indicated (17 C. J. S., Contracts, pp. 935, 936, sec. 455) as follows: "As a rule, the person who is to perform the contract has a right to elect which one of the alternative promises he will perform; * * * . Only on the exercise of the right of election, either by the promisor or by the other side, *to whom*

*the right may pass on his failure,* does the obligation become absolute and determinate.''

With particular reference to venue the rule has been stated (67 C. J. 31, sec. 33) as follows: ''If the contract gives defendant an option to perform in either of two counties, he may be sued in either, since, having failed to exercise the option, the right to elect has passed to plaintiff.'' (Citing *Gaddy* v. *Smith,* 49 Tex. Civ. App. 433, 116 S. W. 164.)

It is unnecessary to decide whether, so far as the enforcement of the contract is concerned, the right to elect, if not exercised by the promisor, passes from him to the promisee; but we do adopt the view that it passes for the purpose of determining venue, at least. Plaintiff rightfully elected to bring this action in Silver Bow county, and that is the proper county for its trial.

The order appealed from is therefore affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.