### WATERS GILLETT v. MATURIN BALLOU, JR.

#### *Promissory note. Evidence.*

One N. owed the plaintiff thirty-three dollars and eighty-one cents, for which he gave his note to the defendant, and the defendant gave his note to the plaintiff. *H'ld*, that in an action on the last named note it could not be shown, by parol, that these notes were thus give at the request of the plaintiff, and in pursuance of a previous arrangement between him and the defendant, for the mere purpose of enabling the plaintiff to collect his debt of N., who it was supposed would more readily and willingly pay it to the defendant than to the plaintiff, and with an agreement or understanding that the defendant was to pay only what N. paid him.

ASSUMPSIT upon a promissory note for thirty-three dollars and eighty-one cents signed by the defendant and payable to the plaintiff. Plea, the general issue; trial by jury, April Term, 1856, —UNDERWOOD, J., presiding.

The plaintiff introduced the note declared on, which, it appeared from the defendant's testimony, was given for the amount of one Newell's indebtedness to the plaintiff, and for which the said

Newell gave to the defendant his note, at the same time the note in suit was given to the plaintiff. The defendant offered to show by his own testimony that the plaintiff came to him a short time before the note was given and said he had an account against Newell, and that Newell was offended with him and did not calculate to pay it; and wanted to know if the. defendant could help him to collect it; that it was arranged that the defendant should go to Newell and make him think the plaintiff was going to sue him; and that he accordingly did so, and advised him to settle with the plaintiff and save cost, and told him if he would, he, the defendant, would assume the debt; that Newell agreed to do so, and they met for that purpose, and that in order to make Newell think it was a bona fide transaction between the plaintiff and the defendant, he wrote the note in suit, and one for the same amount for Newell to sign to him, both of which were signed and delivered; that there was a perfect understanding between the defendant and the plaintiff that the defendant was not to be called upon to pay his note unless Newell paid his, and that Newell's note to the defendant was to be the plaintiff's, and that no part of the Newell note had ever been paid, and that Newell was dead.

To this testimony the plaintiff objected and it was excluded by the court, to which the defendant excepted. No other testimony being introduced the jury returned a verdict for the plaintiff.

*H. E. Stoughton*, for the defendant.

It is competent for the defendant to show, by parol, a want or failure of consideration to the note; and any testimony *tending* to show that fact is admissible; 1 Greenl. Ev., secs. 284, 304; Chitty on Contracts, (6th Am. Ed.) 27–8.

The evidence excluded by the court below tended to show a want of consideration.

The transaction was a mere gratuity on the part of the defendant, and the note of Gillett was given, as the testimony tended to show, merely to blind Newell's eyes, so that Gillett might stand the better chance of realizing something from Newell. To a note given under such circumstances, the want or failure of consideration is a full and complete defense; *Hill* v. *Buckminster*, 5 Pick.

391 ; *Hawley* v. *Beeman,* 2 Tyler 242 ; *Sowles* v. *Sowles,* 10 Vt. 181 ; *Holley* v. *Adams,* 16 Vt. 206.

——— ————, for the plaintiff.

The opinion of the court was delivered by

ISHAM, J.  The judgment of the county court in this case must be affirmed.  The note contains an absolute and unconditional promise by the defendant to pay the amount for which it was given.  The effect of the testimony offered by the defendant was to show a different contract made at the time the note was given, and that a liability was not to exist according to the terms of the note.  Such testimony is clearly inadmissible.  No contemporaneous agreement is admissible to vary or alter the terms of the note, or of any other written agreement.  The cases of *Isaacs* v. *Elkins,* 11 Vt. 679, and *Bradley* v. *Bentley,* 8 Vt. 243, are in principle decisive of this case.

This is not a case of a total or partial failure of consideration, for the defendant has the benefit of the claim which the plaintiff had against Newell ; nor is it a case of an agreement in relation to the payment of the note made subsequent to its execution. The whole defense seems to rests on the want of good faith by the defendant towards Newell, and of which he should not avail himself to avoid the note he gave to the plaintiff.

Judgment affirmed.