THE PRAIRIE STATE LOAN AND BUILDING ASSOCIATION

*v.*

HENRY GORRIE.

*Filed at Ottawa May 11, 1897—Rehearing denied October 8, 1897.*

1. ACTION—*assumpsit lies against loan association refusing to pay withdrawal.* Action of assumpsit for money had and received lies against a loan association refusing to pay a withdrawal of stock.

2. APPEALS AND ERRORS—*objections not raised in trial court cannot be urged on appeal.* An objection that a stockholder suing a loan association in assumpsit for a withdrawal failed to aver the giving of notice of withdrawal or that there was money in the association's treasury available to pay the withdrawal, cannot be first raised on appeal.

3. SAME—*objection that verdict is "excessive" is not an objection that it exceeds the ad damnum.* A general objection that "the verdict is excessive" does not raise the question whether or not the verdict exceeds the *ad damnum* stated in the declaration.

4. LOAN ASSOCIATIONS—*representations by secretary of loan association, within his authority, bind the association.* Representations made by the secretary of a loan association to a purchaser of stock that the stock is of a certain series are binding upon the association, and it cannot afterward be heard to assert that the stock is of another and less valuable series.

5. SAME—*when loan association is estopped to deny validity of transfer of stock.* A loan association recognizing the validity of a transfer of stock for a purpose advantageous to itself is estopped to deny the validity of the same transfer for other purposes.

*Prairie State Building Ass.* v. *Gorrie,* 64 Ill. App. 325, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

WILLIAMS & KRAFT, for appellant:

The relationship existing among the members of a building and loan association, in so far as their rights and interests relate to and arise out of their membership in the association, is in the nature of a partnership, (*Christian's Appeal,* 102 Pa. St. 189,) and as they are entitled to share in the profits and must bear proportionally the losses, an accounting is required, and they must seek whatever relief they desire in a court of equity. *Maloney* v. *Building Ass.* 57 Mo. App. 384.

To entitle a retiring stockholder to resort to legal proceedings he must allege and prove facts which entitle him to the interposition of the court. *Maloney* v. *Building Ass.* 57 Mo. App. 384.

There must be proper allegations in the complaint and proof, upon trial, as to the existence of funds out of which payment can properly be made. *Heinbokel* v. *Building Ass.* 58 Minn. 340.

The president of a company, offering a certificate of stock therein as collateral for a loan to himself individually, does not bind the company by his representations that the certificate is genuine. *Insurance Co.* v. *Ferry Co.* 34 N. E. Rep. 776.

F. L. SALISBURY, for appellee:

An action at law will lie to recover payments made to a building and loan association by a stockholder when he desires to withdraw. *Granite State Provident Ass.* v. *Lloyd*, 48 Ill. App. 431.

In an action of assumpsit under the common counts the main inquiry is whether the defendant holds money which belongs to the plaintiff. *Godschalk* v. *Smith*, 156 Ill. 380; *Taylor* v. *Taylor*, 20 id. 651.

It has been frequently called an equitable action, and is said to approach more to a bill in equity than any other common law action. *Claflin* v. *Godfrey*, 21 Pick. 1; *Belden* v. *Perkins*, 78 Ill. 451.

A member of a building association may recover the amount due him in assumpsit under the common counts. *Huigh* v. *Building Ass.* 19 W. Va. 792.

A stockholder is not estopped by a provision "that at no time shall more than one-half of the funds of the treasury of the corporation be applicable to the demands of withdrawing stockholders without consent of the board of directors." *Building Ass.* v. *Silverman*, 85 Pa. St. 394.

If the association claims losses it should set them up as a defense. *Building Ass.* v. *Silverman*, 85 Pa. St. 394.

A party who claims fraud must by his pleading state the facts relied upon as constituting it. *Salisbury* v. *Folk*, 28 Ill. App. 297; *Gas Co.* v. *Higby*, 134 Ill. 568.

A corporation has notice of facts which come to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent had some control, as in this case. Cook on Corporations, sec. 727; *Sangamon Coal Co.* v. *Wiggerhaus*, 122 Ill. 279.

Corporations are presumed to have agents and servants acting for them in the usual course of dealing within their powers, and their acts should bind their principals. *Ryan* v. *Dunlop*, 17 Ill. 45.

A principal is liable to third persons for misfeasances, negligences and omissions of duty of his agent, leaving him his remedy against the agent. And such liability extends to private corporations. Story on Agency, (8th ed.) 400, 401.

Corporations carrying on business for profit are equally liable for the fraud of their agents with any other principal. Evans on Principal and Agent, 470.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action in assumpsit by Henry Gorrie, the appellee, against appellant, the Prairie State Loan and Building Association, in the circuit court of Cook county, to recover the withdrawal value of twenty shares of stock in the fourteenth series of the association. On the 14th day of November, 1890, appellee purchased this stock from the secretary, who issued it and represented it as being in the fourteenth series, and worth at that time, on the basis of dues paid in and interest accrued thereon, about $575. This stock had been previously surrendered to the association by one Van Cleef, and was in fact originally issued in the twenty-ninth series, of later date, and of less value than stock in the other series. In the fall of 1892 the association appointed a new secretary to take charge of the business of the association, and he discovered that this stock held by Gorrie was in the twenty-ninth series, and so notified him. Gorrie had paid dues regularly,—ten dollars a month,—after purchasing the stock, and continued to pay them even after notice of the fraud practiced upon him by the former secretary, until in April, 1893, insisting all the time that his payments were upon the fourteenth series. In February, 1893, he served notice upon the association of his desire to withdraw the stock. Upon the association refusing to pay the withdrawal as stock in the fourteenth series, insisting that it was in the twenty-ninth, this action of assumpsit was begun. The damages were laid in the

declaration at $1000. Trial by jury, upon the plea of general issue, resulted in a verdict for the plaintiff of $1093.85. On appeal to the Appellate Court the judgment of the circuit court was affirmed, and the building association now prosecutes this further appeal.

The first question raised is one of jurisdiction, appellant insisting that the plaintiff should have brought his action in equity, and not in a court of law. The authorities relied upon to sustain that contention cannot be said to control this case. In an action of assumpsit for money had and received, the main inquiry is whether the defendant holds money which belongs to the plaintiff. It is true that intricate computations in matters of account can be better adjusted by a proceeding in chancery; yet the action of assumpsit, in its scope in that regard, is much like an equity proceeding, and under the circumstances of this case we are satisfied that the remedy pursued here is adequate.

It is next insisted by counsel for appellant that the right of recovery of the plaintiff depended upon a condition precedent, and the declaration having failed to aver a performance of that condition, there can be no recovery. The condition insisted upon is, that it was incumbent upon the plaintiff to aver and prove, first, that he had given thirty days' notice of his desire to withdraw his stock, as required by the by-laws of the association; and second, that there was in the treasury a sum available for the payment of the stock, etc. This objection, if proper here, must first have been made in the trial court. Counsel insist that the objection was made there, at the close of plaintiff's testimony, by a motion to instruct the jury to find for the defendant, "on the ground that there was not sufficient evidence for the jury to sustain the plaintiff's case." The language of this motion certainly cannot be said to question the sufficiency of the declaration. No further reference is made to it in the record, and we are compelled to hold that the objection was not

made in proper time, but is an attempt to make it first in this court, which cannot properly be done.

It is said that error was committed by the trial court in rendering judgment on the verdict, because it awarded a sum in excess of the *ad damnum* laid in the declaration. We do not consider that this point was raised below. The assignment of error is simply that "the verdict is excessive." The objection that a verdict exceeds the *ad damnum* cannot be raised in this manner. Whether a verdict is excessive is a question to be decided by the court, as a matter of sound discretion, from all the facts and circumstances of the case. If the verdict exceeded the *ad damnum*, there is no doubt, had that fact been clearly pointed out, the court would have unhesitatingly corrected it. It should have been specially stated in the objection that the amount of the verdict exceeded the *ad damnum*.     *Utter* v. *Jaffray*, 114 Ill. 470; *Metropolitan Accident Ass.* v. *Froiland*, 161 id. 30.

It is contended that the court erred in the giving and refusing of instructions, refusing to submit certain interrogatories, and in the admission and exclusion of testimony.   But we are satisfied no error was committed in that regard.

The question in this controversy going to the merits of the case was, should Gorrie be entitled to withdraw his stock as of the twenty-ninth series, or was he entitled to withdraw it as of the fourteenth series? It is clear that he purchased this stock in good faith, believing it to be in the latter series.   The secretary so represented it to him, and he had a right to rely upon the representation thus made, as the secretary was acting within the scope of his authority.  Selling such stock and making the transfers were duties of the secretary.   The records of the association were in his custody, and the value of the stock and the manner of computing it were peculiarly within his knowledge, while the plaintiff was comparatively ignorant of those matters.   It is well known

that the members of such associations do, and are practically compelled to, rely upon the secretary for information in regard to their rights as stockholders, and we think the association should be held responsible for his conduct in office. In this case we are of the opinion the court rightly held the association bound by the acts of the secretary.

It is further contended that the transfer of the stock from the former owner to appellee was not made according to the by-laws of the association, and was therefore void; that appellee was bound to know that fact, because he had been a member of the association previous to this, and was familiar with the rules regulating the transfer of stock. This certainly cannot be said to be.true as a matter of law, and, treated as a question of fact, the finding below is conclusive against appellant. Moreover, appellant cannot consistently urge this point now, as the association, we understand, has been ready and willing to pay this stock as of the twenty-ninth series. There was but one act of transfer, and had that been improperly made, the transaction, whether it referred to the fourteenth or the twenty-ninth series, would have been void and appellant would have insisted upon it as to either. Having recognized the transfer as being proper in the one case, the association cannot be permitted to insist upon the illegality of the transfer with reference to the other.

The facts having been found in favor of the plaintiff, and no error appearing in this record as to questions of law, we are satisfied the judgments of the circuit and Appellate Courts are right and should be affirmed.

*Judgment affirmed.*