## MURRAY V. LEONARD.

Under Comp. Laws, § 5088, Subd. 5, authorizing a new trial where the verdict is excessive, in an action for assault, where the verdict appears to have been given under passion and prejudice, the defendant cannot be deprived of a new trial by the court requiring a remittitur of a portion of the verdict.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action by Bridget Murray against Azro B. Leonard for damages for assault and battery. From a judgment and an order denying a new trial, defendant appeals. Reversed.

The facts are stated in the opinion.

*J. H. McCoy,* for appellant.

The court cannot substitute its judgment for the verdict of a jury upon a question which the jury alone could determine. The practice of remitting where the illegal part is clearly distinguishable from the legal and may be ascertained by the court from the record without assuming the functions of a jury and substituting its judgment for theirs, should not be carried to the extent of allowing the court when a jury has rendered a verdict that ought not to stand to substitute its judgment for theirs. Nudd v. Wells, 11 Wis. 426; Lambert v. Craig, 12 Pick 199; Thomas v. Westnack, 13 Tex. 580; George v. Law, 1 Cal. 363; Sourwine v. Truscott, 25 Hun. 67; Thaule v. Kerkeler, 17 Hun. 338; Cassin v. Delaney, 38 N. Y. 178; Sutherland on Damages, 812. In actions to recover damages for personal injuries the damages are assessed by a jury. If the verdict was excessive the judge in actions like this had no measure by

which to determine how much it was excessive. Railroad v. Wilkes, 68 Tex. 617; Railroad v. Coon, 69 Tex. 730. When the verdict of a jury is tainted by passion and prejudice the court cannot separate that part of the verdict so tainted from the other even where the record shows the prevailing party should recover. Railroad v. Montgomery, 26 Pac. 403; Railroad v. Ryan; 30 Pac. 108; Steinbuchel v. Wright, 23 Pac. 560; Railroad v. Dwelle, 24 Pac. 500.

*Byron Abbott* and *James Wells*, for respondent.

An excessive verdict may be allowed to stand if the plaintiff will enter a remittur for the excess and where the damages are not sustained by the evidence the court may require the plaintiff to choose between a remittur and a new trial. 1 Suth. Dam., 812; Union Mer. Co. v. Chandler, 57 N. W. 595; Bank v. Ashley, 2 Pet. 327; Treschett v. Hamilton, M. Ins. Co., 14 Gray 456; Crum v. Hadley, 48 N. H. 191; Craig v. Cook, 28 Minn. 232, 36 Me. 115; Hardenburgh v. St. Paul, M. & M. Ry. Co., 42 N. W. 933; Pendleton St. Ry. Co. v. Bohmann, 22 Ohio St. 446; Toledo R. Co. v. Beals, 50 Ills 150; Strong v. Hooe, 41 Wis. 659; 2 Sedg. Dam. 655; Kinsey v. Wallace, 36 Cal. 462; Ill. Cen. R. R. Co. v. Ebert, 74 Ill. 369; Collins v. Council Bluffs, 35 Ia. 432; Lombard v. Chic., Rock Island R. Co., 47 Ia. 494; Doyle v. Dixon, 97 Mass. 208. An excessive verdict is cured by remittur of the excess. Ferguson *et al.* v. Fargason, 38 Ark. 238; Dodds v. Roan, 36 Id. 511; Duffy v. Dubuque 63 Ia., 171; Attrill v. Patterson, 58 Md. 226; Higgs v. Hunt, 75 Mo. 106. A verdict for excessive damages may be cured by the release of the excess in actions for tort. Little Lock R. Co. v. Barker, 39 Ark. 491; C. & M. R. Co. v. Himrod Furnace Co., 37 Ohio St. 434; Corcoran v. Hann, 55 Wis. 120; Murray v. Buell, 41 N. W. 1010.

CORSON, P. J. This was an action for damages for assault and battery. Verdict for $1,200 damages. On motion for a new trial, the circuit court denied said motion on condition that plaintiff remit $700 of said judgment. The plaintiff entered an order remitting the $700. To this order the defendant excepted, and from the same, and the judgment, the defendant appealed.

The defendant contends that the verdict for $1,200 damages was excessive, and that the trial court should have granted a new trial. The action of the court in directing that $700 should be remitted, or a new trial granted, clearly shows that in the opinion of that court the damages, as found by the jury, were excessive. And with this view of the trial court this court fully agrees. The important question presented, therefore, is, should the trial court have granted a new trial, instead of making the conditional order? We are of the opinion that the court should have granted a new trial. The trial court is authorized to grant a new trial for "excessive damages, appearing to have been given under the influence of passion or prejudice." Comp. Laws, § 5088, subd. 5. The trial court must have found that the verdict in this case was "given under the influence of passion or prejudice;" otherwise it would not have directed that the large sum of $700 (over one-half of the amount of the verdict) should be remitted, or a new trial granted. A party is entitled to a trial of his case by an impartial and unprejudiced jury; and ordinarily, in an action sounding in damages, a defendant is entitled to a jury trial. Unless there is a waiver of such trial in the manner provided by law, the court is not authorized to try the case without a jury. It would seem to logically follow, therefore, that, in an action in

which there are no fixed and definite rules governing the measure of damages, the court could not, without intrenching upon the powers of the jury, determine the amount a plaintiff should recover; and when, in such case, the trial court is of the opinion that the verdict is for such an excessive amount as to indidicate that the verdict was "given under the influence of passion or prejudice," it seems to be the modern practice to grant a new trial, instead of directing a part of the damages to be remitted.    There are courts that sanction the practice adopted by the trial court in this case; but in our view the rule adopted in Kansas, Texas and New York, requiring that in this class of cases a new trial should be granted, is more consistent with our system. and more logical, and should be followed in this state.    Mr. Sutherland, in his work on Damages, commenting upon the old rule still in force in many of the states, says: "There is an apparent departure from sound principle in this practice.    The court concludes that the jury were influenced by passion or prejudice, or both, because they found such excessive damages, and yet allows their finding, covering the major propositions of the case. upon which damages are consequent, to stand.    Why should a verdict be in part retained if the jury were really influenced by passion or prejudice?  Where their estimate of damages is rejected, and another substituted, is the latter a verdict?"   1 Suth. Dam. pp. 813, 814.   In Railroad Company v. Dwelle, 44 Kan. 394, 24 Pac. 500, the supreme court of Kansas says: "The court, having thus found, ordered a new trial unless the plaintiff below would remit one-half of the damages; and in pursuance of that direction the judgment was reduced from $4,000 to $2,000.   We think the court should have gone further, and have granted a new trial

absolutely. If the jury were influenced by passion and prejudice in rendering the verdict which the court found to be excessive to so great an extent, there were sufficient grounds for holding that the entire verdict, and all the questions in the case, were likewise influenced. From the testimony in the case, we agree with the judgment of the district court that the verdict is excessive; and, when it is found that a verdict so grossly excessive as this has probably been influenced by passion and prejudice, this court will not hesitate to reverse the judgment and grant a new trial." In that case the judgment of the trial court was reversed, and a new trial granted. Railroad Co. v. Plaskatt, 47 Kan. 107, 26 Pac. 401. The supreme court of Texas has adopted the same rule. In Railway Co. v. Coon, 69 Tex. 730, 7 S. W. 492, that court says: "The trial judge concluded that it was excessive, as he required plaintiff to enter a remittitur of three thousand dollars as a condition to his overruling the motion for a new trial. If the judge was of the opinion the verdict was excessive, he should have granted a new trial. The damages are assessed by the jury. If the verdict is excessive, the judge, in actions like this, has no measure by which to determine how much it is excessive. His attempt to do so is an invasion upon the rights of the jury. His only course in such a case is to grant a new trial." And the court of appeals of New York has adopted the same rule. Cassin v. Delany, 38 N. Y. 178. Cases will arise in which the rule for the measure of damages is fixed and definite, and where the verdict or special findings will disclose some particular fact or some element of damage which would authorize the trial court to reduce the amount thereof in such manner as to bring the verdict or findings within the proper amount. In such cases

the trial court may very properly make a conditional order that a new trial will be granted unless the excessive amount shall be remitted. The rule here laid down only applies to cases where the amount of damages is to be determined by the judgment of the jury. As will have been observed, the case at bar is clearly one of that class. The action being for a personal assualt and battery, the jury were at liberty to find, not only the actual damages the plaintiff sustained, but exemplary damages for such insult and indignity as they might find she had been subjected to by reason of the acts of the defendant. There is no fixed rule for such damages, other than that they must not be excessive, or given under the influence of passion or prejudice. We are clearly of the opinion that the circuit court should have granted a new trial in this case, and that his conditional order was erroneous. The judgment of the court below, and the order denying a new trial, are reversed, and a new trial is granted.

