## P. C. KRAMER v. JOHN EWING.

(Filed June 30, 1900.)

1. CONTRACT—*Uncertainty—Void, When.* Where one party makes a proposition to another, that, if he will find him a customer who will purchase or trade for a certain tract of land, he will pay for such services fifty or sixty dollars, and the proposition is accepted and the customer furnished, who trades for the land, the contract will not be held void for uncertainty and indefiniteness.

2. CONTRACT—*Optional—Obligatory.* A contract may be optional with one party and obligatory on the other, or it may be obligatory at the election of one of the parties.

3. CONTRACT, ALTERNATIVES. Where one of the parties to a contract obligates himself to do one of two things, on the performance of certain services by the other, the one making such alternative promise has a right to elect which alternative he will perform, provided he makes such election before default; but if he fails to make such election in time, then the promisee may elect which alternatives he will accept.

4. SAME. Where the promisee elects to take the less valuable of two alternatives, the promisor is in no position to complain.

5. VERDICT, NOT REVIEWED, WHEN. When controverted questions of fact are submitted to a jury and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict.

(Syllabus by the Court.)

*Appeal from the District Court of Oklahoma County; before B. F. Burwell, District Judge.*

*Fulton & Chambers,* and *C. F. Smith,* for plaintiff in error

*J. S. Jenkins* and *J. L. Brown,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error Ewing sued plaintiff in error Kramer, to recover on a specific oral contract for services in procuring a purchaser for certain real estate. It is alleged in the petition that Kramer agreed to give Ewing $55.00 if he would find him a purchaser for a certain tract of land, and that he procured a purchaser who took the land, and Kramer refused to pay for said services. Kramer denied the alleged contract, and averred that he employed Ewing to show a party the land, and that his services in such matter were worth five dollars, which sum he offered to pay. The cause was tried to a jury, and verdict rendered and judgment entered in favor of Ewing for the sum of fifty dollars. Kramer appeals.

There is but one qeustion presented for review. It is contended that there is no evidence to support the verdict. On the trial Ewing testified that Kramer agreed to pay him fifty or sixty dollars if he would find him a purchaser for the land; that he told Kramer some time afterwards that he did not think he could find a cash purchaser; that Kramer then told him to find some one who would trade for the land, and he would give him fifty or sixty dollars, and that he found and took a customer to Kramer who did trade for the land. Kramer testified that he told Ewing he would give him fifty dollars if he would find a cash purchaser for the land at the sum of six hundred and fifty dollars; but that he had never promised or agreed to give him any sum to find a person who would trade for the land, and explicitly denied any conversation or agreement to modify the original proposition.

The contention of plaintiff in error is that the testimony of plaintiff does not establish such an agreement as can be enforced in law; that an offer to give fifty or sixty dollars is so vague and uncertain as to amount to no definite promise, and hence, a court cannot determine which of the two sums was the agreed consideration.

It is a well settled rule governing contracts that the promise must be certain in its terms, and not so indefinite and illusory as to make it impossible to say just what was promised. (Lawson on Contracts, s. 10; Clark on Contracts, p. 10.)

Plaintiff in error earnestly insists that, tested by this rule, the contract or agreement established by the evidence of Ewing is so uncertain and indefinite that the court cannot say what sum he was to have for his labor.

There is another rule applicable to contracts of this character that must not be lost sight of. Where an agreement or promise is in the alternative and is accepted, the promisor may elect which of the alternatives.he will perform, provided he makes such election within the time the contract is to be performed. If he fails to make such election before default, then the promisee may make such election. (*Disborough et al. v. Neilson et al.*, 3 John. Cases [N. Y.] 81; *Giles v. Bradley*, 2 Johns. Cases, 252; *Smith v. Sanborn*, 11 Johns. Reps. 59; *Patchin v. Swift*, 21 Vt. 292; *Gillet v. Ballou, Jr.*, 29 Vt. 296; *Dessert v. Scott et al.*, 58 Wis. 390.)

The testimony on the part of Ewing shows that Kramer made a positive and certain promise to do one of two things in the event he found a customer for the land; that is, to pay him either fifty dollars or sixty dollars. Either was a valid and sufficient consideration for the services

to be performed. Kramer made the proposition in the alternative; he had a right at any time before default, to elect which of the two alternatives he would perform. If the services were performed by Ewing, and Kramer failed to perform either alternative, then Ewing had a right to elect whether he would sue for the fifty dollars or the sixty dollars. There was not such uncertainty as would render the proposition void.

There was a controverted question of fact presented to the jury as to what the parol agreement was. The jury found in favor of Ewing. There is evidence reasonably tending to support the verdict, and we cannot disturb it.

The judgment of the district court is affirmed at the costs of plaintiff in error.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.