DOYLE v. EDWARDS.

1. A contract to pay a physician from $200 to $400 for the performance of a surgical operation was binding and valid for $200 and the value of the services, up to $400, upon proof of such value.

2. Where the complaint claimed in one count $250 for professional services under a special contract, and in another $250 for the value of professional services, and plaintiff elected to stand on the first, evidence by defendant to prove the value of such services was inadmissible.

3. In an action to recover for professional services under a special contract, a bill previously presented, not mentioning the contract, was inadmissible to disprove that such a contract had been made.

4. Where a contract to pay a physician from $200 to $400 for an operation was sued on, and the court erred in directing a verdict for $250, as no evidence was offered to allow a recovery in excess of $200, under

Comp. Laws, § 3536, providing that, where a contract does not determine the amount of the consideration, it must be so much as the object of the contract is worth, it was proper for the court, on discovering the error, to require plaintiff to remit $50, and deny defendant's motion for a new trial.

(Opinion filed July 2. 1902.)

Appeal from circuit court, Yankton county. Hon. E. G. Smith, Judge.

Action by E. M. Doyle against Charles L. Edwards, as administrator of Vito Francisco Crisci, deceased. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affrmed.

*Titus E. Price (C. H. Dillon,* of counsel), for appellant.

*French & Orvis,* for respondent.

Corson, J. This is an appeal from a judgment on a directed verdict, and from an order modifying the same and denying a new trial. The plaintiff, a physician, brought this action against the defendant, as administrator of the estate of Vito Francisco Crisci, deceased, to recover the sum of $255 for professional services rendered him in his lifetime. The complaint contained three causes of action: · The first was for $5 for professional visits to the deceased; the second, for $250 for the performance of a surgical operation claimed to have been made upon the deceased under a special contract; and the third was to recover $250 for the value of professional services rendered the deceased in performing the operation referred to. Upon motion of the counsel for the defendant, the court required the plaintiff to elect upon which cause of action he would proceed, as between the second and third, and he elected to proceed to trial upon the first and second. There seems to have been no question as to the $5 item, and the fact that the plaintiff performed for

the deceased the surgical operation for which he claimed the sum of $250 was not denied by the defendant, but he did deny that the services were performed under a special contract. The sixth paragraph of the second cause of action is as follows:

"That before the performance of said operation said Vito Francisco Crisci asked the plaintiff what his charge for performing said operation would be, and the plaintiff then informed him that it would be from $200 to $400; and said Vito Francisco Crisci then directed plaintiff to perform said operation, and agreed to pay therefor from $200 to $400."

The errors assigned on the part of the appellant are: (1) That the court erred in admitting evidence upon the second cause of action over the objection of the appellant, for the reason that the contract alleged was too vague and uncertain to be enforced by a court of law; (2) that the court erred in excluding certain evidence offered on the part of the defendant tending to prove the value of the plaintiff's services; and (3) that the court erred in its order denying the motion for a new trial upon the plaintiff remitting the sum of $50 of the judgment.

It is contended on the part of the appellant that the contract alleged, namely, that the plaintiff was to be paid for his services from $200 to $400, was so vague and indefinite that the plaintiff could not base a cause of action thereon. This contention, in our opinion, is untenable. The contract alleged is not uncertain as to the minimum sum for which the plaintiff agreed to perform the operation, and was certainly specific to the extent of $200. In the recent case of Kramer v. Ewing (Okl.) 61 Pac. 1064, a contract to pay a party $50 or $60 for the performance of a certain act was held to be a valid contract to the extent of $50, at least; and the learned supreme court of Oklahoma, in its opinion, says: "Where

an agreement or promise is in the alternative, and is accepted, the promisor may elect which of the alternatives he will perform, provided he makes such election within the time the contract is to be performed. If he fails to make the election before default, the promisee may make such election. * * * The testimony on the part of Ewing shows that Kramer made a positive and certain promise to do one of two things in the event he found a customer for the land; that is to pay him $50 or $60. Either was a valid and sufficient consideration for the services to be performed." And that court held that there was no such uncertainty as would render the contract void. The court, in support of this decision, cites the following authorities: Disborough v. Neilson, 3 Johns. Cas. 81; Giles v. Bradley, 2 Johns. Cas. 253; Smith v. Sanborn, 11 Johns, 59; Patchin v. Swift, 21 Vt. 292; Gillett v. Ballou, 29 Vt. 296; Dessert v. Scott, 58 Wis. 390, 17 N. W. 14. The alleged contract in the case at bar was more specified than the contract in the case from which we have quoted, as it will be observed that it is alleged that the deceased was informed by the plaintiff that his charge for the performance of the operation would be from $200 to $400, and that the deceased then directed the plaintiff to proceed with the operation. It is quite clear, therefore, that the contract as alleged was a binding and valid contract for the sum of $200 in any event, and the value of the services, up to $400, upon proof of such value. The circuit court, therefore, committed no error in admitting evidence under the complaint in this action. The learned counsel for the appellant have called our attention to the case of United Press v. New York Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288. That case is not in point, however, for the reason that the contract referred to was for a sum not to exceed $300 per week, but no minimum sum was mentioned. The court of appeals of New York seems to have very

properly held that the contract was so indefinite as to the price to be paid as to preclude a recovery of substantial damages for its breach by the defendant. Had the contract in that case been for the payment of $200 per week, and not to exceed $300, a very different case would have been presented.

It is further contended on the part of the appellant that the learned circuit court erred in excluding certain evidence offered by the defendant tending to prove the value of the plaintiff's services. In our opinion, the court ruled correctly in excluding this evidence. As above stated, the third cause of action, in which the plaintiff sought to recover for the value of his services, had been eliminated by the court's order requiring the plaintiff to elect upon which cause of action he would proceed to trial. The plaintiff having proceeded upon the cause of action alleging a special contract, he had offered no evidence as to the value of his services; and the defendant therefore had no right to introduce evidence upon that subject, as the value of services was not in issue—the only material issue being, did the deceased make the contract alleged in the complaint?

It is further contended on the part of the appellant that the court erred in excluding Exhibit·A, and indorsements thereon, which was the bill for the services, made out by the plaintiff, and filed with the defendant as administrator, claiming therein the sum of $255, but in which he made no mention of the contract. It was claimed to be offered on the part of the appellant to show the nature of the plaintiff's claim against the estate, and as further showing that the allowance made by the administrator was approved by the judge of the county court. It is alleged in the complaint that this claim was presented to the administrator and allowed by him for the sum of $50, and that he rejected the balance of the claim, and these allega-

tions are substantially repeated in the defendant's answer. This paragraph of the complaint was, in effect, therefore, admitted by the answer, and no issue was raised upon it. The claim of the counsel for the appellant that it tended to prove that there was no special contract, because none was mentioned in the bill filed, is untenable, The bill, as we have seen, was for the sum of $255; and, had it been admitted, the fact that the bill was presented for that sum would have constituted no evidence that such a contract was not made. In our opinion, the exhibit had no tendency to prove or disprove the making of a contract, and it was therefore irrelevant and immaterial, and was properly excluded.

It is further contended on the part of the appellant that the court erred in its order directing that in case the plaintiff should remit the sum of $50 a new trial should be denied; the appellant insisting that, when the court discovered that it had committed an error, it should have directed a new trial. But the law seems to be quite well settled that when the rule for the measure of damages is fixed and definite, and the case discloses the necessary facts to enable the court to determine the exact sum which the plaintiff is entitled to recover under the verdict, the court may properly make a conditional order that a new trial be granted unless the excess be remitted. In White-head v. Kennedy, 69 N. Y. 462, the court of appeals of that state uses the following language: "When in an action upon contract a recovery has been had upon distinct and separate items and claims, and error either of fact or law has been committed on the trial in respect to one or more of the claims embraced in the recovery, the general term, if no other error exists, may, instead of reversing the judgment absolutely, reverse it only as to the erroneous items, and affirm it as to the residue, provided the plaintiff consents to forego his claim to recover them, and the items as to which

the error exists are separable and distinguishable from the others." The rule here stated was, in effect, approved by this court in Murray v. Leonard, 11 S. D. 22, 75 N. W. 272. In the case at bar the circuit court erred in directing a verdict for $255, as, under the pleadings and evidence, the plaintiff was not legally entitled to a sum in excess of $205. Section 3536 Comp. Laws, reads as follows: "When a contract does not determine the amount of the consideration nor the method by which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth." As we have seen, there was no proof on the part of the plaintiff which authorized him to recover in excess of the sum of $205 under the provisions of the statute quoted, as he had introduced no evidence as to the value of his services, and relied entirely upon the special contract. It was competent for the court, upon its attention being called to the error, to require the plaintiff to remit $50 included in the verdict; and, he having done so, the court properly denied the motion for a new trial. The precise sum in excess of the amount the plaintiff was entitled to recover clearly appears by the pleadings and evidence.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.