## MOSTELLER v. HOLBORN.

Under Rev. Code Civ. Proc. § 257, providing that exceptions to the giving or refusing of any instruction may be taken at any time before the entry of final judgment, exceptions taken after the final judgment are too late, and cannot be considered on appeal.

Any error in striking out the testimony of a witness in an action for conversion that he was in possession of the property in question at a certain time was harmless, where the question of his possession was not material and where the fact stated was established by other evidence.

Where it was not disputed that defendant had possession of the property involved in an action of conversion, any error in striking out testimony as to his possession was harmless.

In an action for conversion, testimony that plaintiff said that she had got rid of the property in question, but that she did not say exactly what property she had disposed of, but the witness thought it was the property in question, was properly struck out.

Evidence in an action for conversion held sufficient to support a verdict in favor of plaintiff.

In an action for conversion, where the plaintiff's ownership of the property at a time prior to the commencement of the action was admitted, the burden is on defendant to establish his claim that he had acquired title to it.

In an action for conversion, where the jury gave a verdict in excess of the amount claimed in the complaint, the court properly reduced the amount of the judgment instead of granting a new trial.

(Opinion filed, June 13, 1906.)

Appeal from Circuit Court, Hughes County. Hon. LORING E. GAFFY, Judge.

Action by Olive Mosteller against James Holborn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*John A. Holmes* and *L. L. Stephens,* for appellant. *Albert Gunderson,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment rendered in favor of the plaintiff and order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $1,600 damages, being the value of personal property consisting of live stock alleged to have been converted by the defendant. The jury having found a verdict in favor of the plaintiff, for the sum of $1,858.75, judgment wan rendered for that amount. Upon motion for a new trial, one of the grounds of which was the alleged error that the judgment entered by the court was for the sum of $258.75 in excess of the amount demanded in the complaint, the court, the plaintiff consenting thereto, ordered that the excess be deducted from the judgment and denied the motion for a new trial.

The respondent has filed an additional abstract, in which he has sought to raise the questions involving the regularity of the appeal and the bill of exceptions; but in the view we take of the case we do not deem it necessary to consider or discuss these questions, and shall assume for the purpose of this discussion that the appeal was regularly taken and a bill of exceptions properly filed and settled. There is one question, however, raised by the additional abstract, necessary to be noticed, and that is that the exception to certain parts of the charge of the court, relied upon as constituting error by the appellant, were not taken until after the judgment had been entered in the action, and therefore cannot be considered on this appeal. An examination of the bill of exceptions discloses the fact that the claim made in the additional abstract by the respondent is correct, and that it affirmatively appears therefrom that no exception was taken to any part of the charge or instructions of the court until after the entry of judgment. The trial court certifies on the order made by him in denying a new trial that no exceptions to the charge

of the court had theretofore been taken and that he allowed said exceptions to be taken at that time. The order of the court denying the motion for a new trial was made several months after the entry of the judgment. Section 257, Rev. Code Civ. Proc., provides: "* * * Exceptions to the giving or refusing any instruction, or to its modification or change, may be taken at any time before the entry of final judgment in the case." Prior to the adoption of this section of the Code it seems to have been the general rule that exceptions to instructions of the court were required to be taken before th jury retired to consider their verdict. The rule is thus stated in 8 Ency. of Plead. & Prac. p. 246: "Exceptions to instructions given should be taken at the close of the charge and before the jury retire, otherwise they will be too late." The permission given by the Code to take the exception at any time before judgment is entered was intended to modify the former practice adopted by the courts, and a party to avail himself of such exception must bring himself within the time limited by the Code, namely, his exception must be taken before judgment is entered. The exceptions to the charge of the court therefore came too late and connot be considered on this appeal. Uhe v. Chicago, M. & St. P. Ry. Co., 3 S. D. 563, 54 N. W. 601; Id., 4 S. D. 505, 57 N. W. 484.

It is contended by the appellant that the trial court erred in striking out certain evidence of the witness Zimmerman. The witness was asked the following question: "Q. Was you in possession of this property from the 6th day of January, 1904, till you sold and disposed of the same as evidenced by this bill of sale?" To which he answered, "Yes, sir." Subsequently to the answer, counsel for respondent objected to the same as a conclusion of the witness, and moved that the answer be stricken out, which motion was granted by the court and exception taken. It would seem from the record that the objection was not made to the question until after it was answered, and that thereupon a motion was made to strike out the answer, which was granted by the court. Ordinarily this practice is not allowed where the answer is responsive to the question. Wendt v. Railroad Co., 4 S. D. 476, 57 N. W. 226. Assuming, however, that the question was a proper one, as under the decision of the court in Hawley v. Bond, 20 S. D. — 105 N. W. 464,

and that the court erred in striking cut the answer thereto, still we are of the opinion that the error did not constitute reversible error as the question of possession was not a material question in the case; and, if it had been, other evidence was admitted establishing the fact that the witness was in the possession of the property during the time mentioned, and the plaintiff herself admitted that she had placed the property, on or about the 6th of January, in charge of the witness to care for the same during the winter months, but denied that she had sold him the property or given him any authority to sell the same to the defendant or any other person. The material issue in the case was as to whether or not the plaintiff had sold the property in controversy to the witness, who had transferred the same by a bill of sale to the defendant. It will thus be seen that the ruling of the court in striking out the answer, assuming it to be error, did not prejudice the defendant.

It is further contended that the ruling of the court in striking out the answer to the following question was error: "Q. Did you thereafter deliver the possession of the same to Mr. Holborn? A. Yes, sir." The objection to this question, like that to the former one, was not made until after it had been answered by the witness; but the answer was stricken out by the court on the motion of respondent's counsel. Assuming that the court committed error in striking out this answer, the court's ruling did not constitute prejudicial error for the reason, heretofore stated, the question of possession was not a material issue in the case, as the issue, as we have seen, was one of ownership, and the possession of the defendant at the time of the commencement of the action was not disputed by the plaintiff; in fact, that was the main ground of her action that the defendant had taken possession of this property and converted the same to his own use. Hence, as before stated, the only issue in the case was one of ownership.

It is further contended that the court erred in striking out certain evidence of the witness Helickson, a witness on the part of the defendant. The testimony stricken out is as follows: "My name is C. Helickson. I reside at Pierre. Have resided there for five or six years. Am acquainted with the plaintiff, Mrs. Mosteller. I don't know that I had any conversation with her in regard to the

property involved in this lawsuit, except she came in the store and said she had got rid of it. I couldn't tell you when; last winter some time. She didn't say exactly what property she had disposed of, but I thought it was this property." It will be observed that the witness was unable to say whether or not the plaintiff was referring to the property in controversy, and it is quite apparent, therefore, that the court very properly struck out this evidence as not being sufficiently definite and certain to constitute material evidence in the case, and the court in striking out the evidence committed no error.

It is further contended that the evidence is insufficient to support the verdict of the jury. Under the rule adopted by this court, it will not weigh the evidence or review the same in cases tried by jury further than to determine therefrom whether or not there was sufficient evidence on the part of the plaintiff to support the verdict of the jury without regard to the evidence given on the part of the defendant. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Finch et al. v. Martin et al., 13 S. D. 274, 83 N. W. 263; Davis v. Novoteny, 15 S. D. 118, 87 N. W. 582. In the case at bar the plaintiff testified positively that she had never sold or authorized the sale of the property to the defendant. That she was the owner of the property prior to the 1st of January, having purchased the same of the defendant, was not disputed; consequently, if the jury believed her evidence, she was the owner of the property at the time she instituted the action, and was entitled to a verdict. As before stated, the purchase of the property from the defendant and her ownership of the same prior to the 6th of January, 1904, seems to have been conceded; and if she had not sold the same to Zimmerman, as claimed by the defendant, or authorized Zimmerman to transfer the property to him, she clearly had a right to recover the value of the property from the defendant, who had taken possession of the same and denied the plaintiff's ownership thereof. The burden, therefore, was upon the defendant to show that the plaintiff did sell and transfer the property to Zimmerman under whom he claimed title to the same. It is quite clear from the verdict of the jury that they believed the evidence of the plaintiff and disbelieved the evidence of Zimmerman and the witnesses on the part of the defendant,

and the evidence thus accepted as true by the jury was amply sufficient to support their verdict.

It is further contended on the part of appellant that the court erred in striking out from the judgment the sum of $258.75 found by the verdict of the jury in excess of the amount claimed by the plaintiff, as the court should have granted a new trial upon the ground of this excess in the verdict of the jury. But we are of the opinion that there is no merit in this contention. The verdict of the jury is necessarily limited to the amount claimed in the complaint; and when the court's attention was called to the fact that the verdict and the judgment entered thereon were in excess of the amount claimed, it was within the power of the court, with the consent of the plaintiff, to reduce the judgment so that it be within the amount claimed in the complaint. This court in the recent case of Bank v. Calkins, 16 S. D. 445, 93 N. W. 646, a case in which the verdict was largely in excess of the amount claimed by defendant in his answer, directed the trial court, unless the defendant would remit the amount of the judgment in excess of the amount claimed in the answer in the action, to grant a new trial; but, if the defendant consented to remit the amount so in excess, the new trial should be denied. And this seems to have been the view of the Supreme Court of Illinois in the analogous case of Prairie State Loan & Bldg. Ass'n v. Henry Gorrie, 167 Ill. 414, 47 N. E. 739, in which that court, in speaking upon this subject, says: "It is said that error was committed by the trial court in rendering judgment on the verdict, because it awarded a sum in excess of the ad damnum laid in the declaration. * * * If the verdict exceeded the ad damnum, there is no doubt, had that fact been clearly pointed out, the court would have unhesitatingly corrected it." We are of the opinion that the trial court very properly made the order that the excess be stricken from the judgment and a new trial denied. The court by making an order remitting such excess did not, in effect, hold that the verdict was the result of passion or prejudice, but simply held that an error had been committed in the verdict of the jury as in effect stated by it in its order denying new trial. Such a case is clearly distinguishable from a case where a jury has found a verdict within the amount claimed by the plaintiff, but which the court deems ex-

céssive, and is found by the jury as the result of passion and prej-
udice. Murray v. Leonard, 11 S. D. 22, 75 N. W. 272.

Finding no error in the record, the judgment of the court be-
low and order denying a new trial are affirmed.

FULLER, P. J., took no part in the decision.