NORTHWESTERN PORT HURON COMPANY, Appellant, v. ZICKRICK, Respondent.

(141 N. W. 983.)

1. **New Trial—Measure of Damages—Order Reducing Counterclaim.**
   Where trial court on motion for new trial, reduced the amount recovered by defendant on two counterclaims, by the precise sum, clearly appearing in the pleadings and evidence, by which the recovery exceeded the amount defendant was entitled to, was not prejudicial error; the reduction being what was claimed under one counterclaim, and plaintiff having assented and agreed to such reduction at the time.

2. **Appeal—Harmless Error—Direction of Verdict.**
   Refusal to direct verdict for plaintiff on a counterclaim, if erroneous, was not prejudicial, where on motion for new trial the court eliminated such counterclaim by reducing defendant's verdict by the amount of the counterclaim.

3. **Appeal—Assignment of Error—Necessity For—Sufficiency of Evidence.**
   In an agent's action for commissions on sale of a traction engine rejected by purchaser as not in compliance with his order, where the jury found it did not so comply, and the insufficiency of evidence to sustain the finding was not assigned as error, held, it will be assumed that the engine did not fulfill requirements of the order.

4. **Agency—Agent's Commission—Non-Fulfillment of Order.**
   Where vendor of threshing machinery attempted to fill an accepted order procured by its agent, but failed to furnish

machinery as ordered, resulting in purchaser's refusal to accept, the agent was entitled to commissions notwithstanding the agency contract provided that no commission would be paid or allowed on any uncompleted order, or on any machinery taken back or returned for any cause whatever; such failure to comply being in principle the same as a wrongful refusal to fill an order.

5.    **Agency—Measure of Damages—Expenses—Uncompleted Sale.**

Where an agent for vendor of threshing machinery, who had procured an order, agreed with his principal to pay the expense of moving the machinery for delivery to purchaser, he was not entitled, upon purchaser's refusal to accept it for non-compliance with order, to recover such expense in addition to his recovered commissions, since he had received all he would have received had the machinery been accepted by purchaser.

(Opinion filed June 3, 1913.)

Appeal from Circuit Court, Miner County.    Hon. ALVA E. TAYLOR, Judge.

Action by the Northwestern Port Huron Company against H. W. Zickrick, to recover for an alleged balance due on sale of threshing machinery by plaintiff to defendant, who counterclaimed for alleged commissions on agency sales of machinery.    From a judgment for defendant on the counterclaims, and from an order denying a new trial, and from an order made on motion for new trial, reducing the amount of defendant's recovery, plaintiff appeals.    Judgment modified.

*Winsor & Keith*, and *William A. Tautges*, (*Charles P. Bates*, of counsel) for Appellant.

The court should not have allowed that part of the counterclaim covering expense of moving machinery, to go to the jury, because one party to a contract, in pursuance to the request or agreement of the other party, performs it, he must bear the burden (if one should be incurred) as set forth in the contract.

Defendant was not entitled to a commission on the sale to Martin Rote of the same machine and which the said Rote refused to execute or perform on his part, for the reason that the machine could not be delivered in time.

It would be a violation of the contract between the plaintiff and defendant.    That contract provides as follows: "No commission is to be paid or allowed on any order not filled, or any machines returned or taken back for any cause whatever."    This ma-

chine was never delivered, and therefore the person who made the agreement with the company, viz: Martine Rote, was fully justified in refusing to receive.

The error in ordering the reducing of the amount of the verdict, and when it was accepted, denying the motion for a new trial, is governed by Murray v. Leonard, 11 S. D., page 22, and it was the duty of the court under the statute to grant a new trial without ordering any remittitur.

C. C. Caldwell, (Sutherland & Payne, of counsel) for Respondent.

The trial court had authority to reduce the jury's verdict as to counterclaim for expenses, the amount thereof being clear and certain. Murray v. Leonard, 11 S. D. 22; 29 Cyc. 1015 and 1020.

Defendant can not be required to pay the expense of moving from Carthage to Howard the outfit shipped by the plaintiff. Defendant never promised to move the rig actually shipped, without compensation, and it appears that he did move or attempt to move this machine on the strength of instructions from the company's general manager.

SMITH, J. Appeal from the circuit court of Miner county. The complaint alleges two distinct causes of action, the second of which was withdrawn at the trial and need not be noticed. The first cause of action was for the recovery of a balance of $526.50, with interest alleged to be due on the purchase price of certain threshing machinery. The answer admits plaintiff's first cause of action, but sets up two separate and distinct causes of action by way of counterclaim against the plaintiff. The issues were tried to a jury and a verdict returned in favor of defendant upon both counterclaims, in the sum of $1,909.71. Defendant had entered into a written contract to act on a commission basis, as plaintiff's agent for the sale of certain threshing and farm machinery, manufactured or handled by plaintiff. Under this agency contract, defendant had taken an order for a traction engine, separator, and stacker from Ole and Thurston Melan, and the second counterclaim in the answer was for commissions alleged to be due on this sale. The first counterclaim is for commissions upon an alleged sale of the same machinery to one Martin Rote. The verdict in favor of defendant represents the balance claimed to be due on these two counter claims.

[1]  Upon plaintiff's motion for a new trial, it appearing to the trial court from the evidence in the record that the order for machinery referred to in the second counterclaim had been rescinded by consent of parties, and that defendant was not entitled to a recovery thereon, the trial court entered an order upon the motion for a new trial, reducing the amount of the verdict by the sum of $1,156.90, the amount claimed by defendant, together with interest, under the second counterclaim, to which order the defendant in open court consented and agreed.  At the close of all the evidence, plaintiff moved for direction of verdict upon both counterclaims, which motion was overruled and exception taken.  This ruling is assigned as error, and the contentions most strongly urged by appellant in his brief are presented under the assignment of error upon this ruling.  Appellant, however, assigns as error, and refers in his printed brief to the order of the trial court reducing the amount of the verdict.  To sustain this contention, appellant relies upon the case of Murray v. Leonard, 11 S. D. 22, 75 N. W. 272.  In that case, the verdict was for damages for personal injuries, and this court held that an order granting a new trial, unless a reduction of the verdict be accepted, was error, for the reason that in such cases the court was without authority to determine the excess in the verdict and that such order was, in effect, a usurpation of the functions of the jury.  The same rule is adhered to for similar reasons, in Hanson v. Henderson, 20 S. D. 456, 107 N. W. 670.  But in Doyle v. Edwards, 15 S. D. 648, 91 N. W. 322, the court distinguished these cases, and held that, where the precise sum in which the verdict exceeds the amount the plaintiff is entitled to recover clearly appears by the pleadings and evidence, the court may properly order a remission of such amount instead of a new trial.  In principle, the case of Mosteller v. Holborn, 20 S. D. 548, 108 N. W. 13, recognizes the same rule.

In the present case, the full amount claimed by defendant under the second counterclaim, together with interest, was easily ascertainable under the pleadings and the evidence, and the full amount claimed, under that cause of action, plainly could be and was deducted from the verdict.  This case therefore is within the rule announced in Doyle v. Edwards, supra, and the order reducing the amount of the verdict by agreement of defendant was not

erroneous, and could in no possible event be prejudicial to plaintiff. 29 Cyc. 1015-1020.

The only question presented by the motion for direction of a verdict is whether the defendant under the terms and conditions of the agency contract, and the evidence before the jury, could in any event be entitled to a verdict.

[2]    Appellant assigns as error the refusal of the trial court to direct a verdict as to commissions claimed upon the alleged sale to Melan Bros. which constituted the second counterclaim.    As we have seen, the reduction in the amount of the verdict in effect eliminates this second counterclaim, and has the same effect as though the motion to direct a verdict had been sustained.  It is apparent, therefore, that appellant has suffered no injury by reason of the refusal of the court to direct a verdict, even though such ruling may have been erroneous.    Appellant also assigns as error the refusal of the trial court to direct a verdict in favor of plaintiff, upon defendant's first counterclaim, and in the assignment of error says: "The court erred in its refusal to grant said motion regarding the commission on the pretended sale to Martin Rote, as there was no final settlement in regard to said sale as required by the commission contract before referred to."    The contract provides that "the company shall pay the agent on the company's goods sold, settled for and delivered by the agent, commissions on prices in the machinery price list published by the company for the current year."    The contract further provides: "The company shall furnish goods named in sections No. 13 * * * to fill orders taken by the agent."    The evidence in the record discloses that the defendant Zickrick procured from Melan Bros. an order for one Port Huron traction engine, 17 horse power, traction rating, and one Port Huron rusher separator, together with certain other articles of farm machinery, which order was accepted by plaintiff, and the machinery shipped to Carthage, S. D., to fill this order.  It further appears that Melan Bros. refused to accept the machinery, and that the Melan order was canceled by mutual consent of the parties. It further appears that while said traction engine and separator were still at Carthage, the defendant Zickrick obtained from Martin Rote an order for a traction engine and separator, identical in description with the engine and separator described in the Melan order.  It also appears that the Melan order was canceled because of

some disagreement between one Layton, plaintiff's agent, and the Melans, as to the terms and conditions of settlement, and not because of any controversy as to the quality or character of the machinery shipped to Carthage. It was thereupon agreed between Zickrick and Layton that the traction engine and separator then at Carthage should be brought from Carthage to Howard, and there tendered to Rote, in fulfillment of his order, which had been sent to the plaintiff company at Minneapolis. An attempt was made to move the separator and traction engine under its own power, from Carthage to Howard. It is alleged by Zickrick that, in making this attempt, it was discovered that the traction engine did not develop 17 horse power, traction rating, and was wholly inefficient for the purpose for which it was ordered. The evidence further tends to show that the information as to these facts was communicated to Rote, and by reason of such facts Rote refused to accept the machinery or make settlement therefor.

[3] At the trial, the main issue was whether this traction engine was in efficiency the kind ordered by Rote. The trial court in its instructions to the jury upon this issue of the fact says: "That the second order was taken from Martin Rote, and by instructions received from plaintiff the defendant offered to deliver the engine sent for the Melans to Martin Rote, but the same was refused because the engine was not of the same horse power as the engine ordered by him. * * * It is for you to determine, from all of the evidence submitted at the trial, whether or not the engine furnished by the plaintiff was such an engine as was ordered * * * by Martin Rote, and, whether or not this engine was of sufficient power to do the work that could be reasonably required of such an engine, * * * and it was the legal duty of the plaintiff * * * to fulfill this order * * * to send one that was in accordance with the order."

Upon this issue the finding of the jury sustained the contention of Zickrick that the traction engine tendered to Rote by the plaintiff was not a 17 horse power traction engine, upon a traction rating of horse power. At the trial considerable expert testimony was introduced tending to show different methods of rating horse power in traction engines. Among these methods is that known as the "brake test" of horse power, and also traction test.

This evidence tended to show that brake test of horse power could be easily and accurately demonstrated, but that actual traction horse power could only be determined by actual trial in hauling loads. The horse power of the traction engine in question, under brake test, is not disclosed by the evidence; but there is ample evidence in the record to sustain the finding of the jury that by traction test the engine did not develop 17 horse power. No assignment of error as to insufficiency of the evidence to sustain the finding of the jury appears in the record. It must be assumed, therefore, that the engine tendered to Rote did not fulfill the requirements of the order which was accepted and attempted to be filled by plaintiff.

[4]  The agency contract contained a provision that no commission was to be paid or allowed on any order not filled or any machinery returned or taken back, for any cause whatever, and it is apparently upon this provision of the contract that appellant mainly relies to escape ·payment of commissions upon the Rote order.  In Sherman v. Port Huron Engine & Thresher Co. 13 S. D. 95, 82 N. W. 413, this court construed an identical provision in one of plaintiff's contracts.  In that case, it seems the plaintiff company wrongfully refused to fill an order sent in by one of its agents.  It was there held that under this clause of the contract the company did not have absolute right to reject on order.  In the case before us, the question is whether, under this some provision of the contract, the company may defeat the right of its agent to commissions by an attempt to fill an order by a shipment of machinery not in accordance with the order.  We see no difference in principle between the two cases.

[5]  The defendant's counterclaim also included the amount of certain costs and expenses incurred by him in attempting to move the traction engine and separator from Carthage to Howard for delivery to Rote.  It appears from the evidence that defendant Zickrick had agreed with plaintiff to pay the expense of moving the engine and separator from Carthage to Howard, for the purpose of making delivery of the same to Rote under his order.  It is appellant's contention that the trial court erred in refusing to strike out the counterclaim for the amount of these expenses, which were paid by defendant Zickrick. ·It appears from the evidence, however, that at the time Zickrick agreed to pay these expenses he fully understood and believed that the traction engine was of a

kind and description which would fill the Rote order, and that he did not discover or know that the engine was inefficient and would not fill the order until the expenses had been actually incurred. It is respondent's contention that these expenses were the direct result of plaintiff's failure to furnish the kind of machinery ordered, and for that reason appellant should be required to pay them. In this contention we think respondent is in error, for the reason that he is seeking to recover in this action, and the jury have awarded to him by their verdict, an amount of commissions equal to that which he would have received had the machine been of the kind ordered and had been accepted and settled for by Rote. If it had been accepted and settled for by Rote, the defendant would have received only his commissions less the expenses incurred in moving the machinery to Howard and less freight paid by him to Howard. These sums amount, as appears by the record, to $305.22. This sum, together with interest from September 5, 1904, to the time the verdict was rendered, amounts to $454.89.

The judgment of the trial court in favor of respondent as modified by the order denying a new trial was for the sum of $752.81. Such judgment is further modified by deducting the sum of $454.89 therefrom, and, as so modified, the judgment and order denying a new trial are affirmed. No costs will be taxed on behalf of either party.